## FLOWERS vs. BITTING.

[ACTION ON BILL OR EXCHANGE, BY INDORSEE AGAINST INDORSER.]

1. *Bill of exchange; signature to; what not such as to bring within influence of sections* 2684 *and* 2682 *of Revised Code.*—A bill of exchange to which the name of the party sought to be charged is signed by his mark in the usual way, but without an attesting witness, does not *purport* to be signed by him so as to entitle it to the privileges conferred by sections 2681 and 2682 of the Revised Code. It may, nevertheless, be received as an adminacle of proof.

2. *Same; drawer or indorser of; what must be proved, to fix liability of.*—The liability of the drawer or indorser of a bill of exchange is not fixed, unless there has been a demand for payment, and notice given of the failure to pay ; and these must be proved on the trial.

APAEAL from the Circuit Court of Barbour.
Tried before Hon. H. D. Clayton.

The appellee, who was indorsee of a bill of exchange, brought this action against the appellant, who was indorser thereon. The bill was both drawn and indorsed by appellant, who, being unable to write, signed in the usual way by his mark, but there was no attesting witness. The bill of exchange was the only evidence offered by the plaintiff, and it was admitted that the sole consideration of the bill was for the purchase of a slave in the year 1860. This being all the evidence, the court, at the request of the plaintiff, charged the jury that, if they believed the evidence, they must find for the defendant, and plaintiff excepted.

The errors assigned are—

1st, The charge of the court.

2d, That there was no evidence of protest and notice.

F. M. WOOD, and JOHN A. FOSTER, for appellant.
SEALS & WILLIAMS, *contra*.

B. F. SAFFOLD, J.—The bill of exchange, the foundation of the suit, had the appellant's name signed to it as

drawer and indorser, by his mark in the usual way, but without an attesting 'witness.

The mark of a person who cannot write is not his signature, unless his name is written near it, and it is witnessed by a person who writes his own name as a witness. —Rev. Code, 1.

The bill above mentioned does not, therefore, purport to be executed by the party sought to be charged. It rather purports not to be.

There was no evidence of a demand for payment, and notice given of the failure. These were necessary to fix the liability of the drawer or indorser.—*Jordan v. Bell*, 8 Port. 53; *Rives v. Parmley*, 18 Ala. 256.

The bill of exchange was the only evidence offered by the plaintiff. Upon this, the court charged the jury that, if they believed the evidence, they must find for the plaintiff. The charge was erroneous.

The defense that the consideration was a slave purchased is not available.—*Mudd v. McElvaine*, January Term, 1870.

A writing signed as this bill was is not necessarily inadmissible as evidence, because of the imperfect signature. It may be received as an adminacle of documentary proof in an action.—Story on Bills of Exchange, § 53, note 6.

The judgment is reversed, and the cause remanded.