# Thompson *v.* The State.

### *Indictment for Forgery.*

1. *Forgery of check on bank ; what constitutes.* — A written instrument, addressed to "Mr. —— Moody, banker, Tuskaloosa," in these words, "Please let my son, the bearer, have the sum of one hundred and fifty dollars of what I put in your bank the 20th of last October,"·is a check within the meaning of section 3635 of the Revised Code.

2. *Same ; sufficiency of indictment.* — An indictment which charges that the defendant, "falsely, and with the intent to injure or defraud, did forge an order purporting to be the act of one John A. Thompson, which order is in words and figures following," setting it out, is substantially analogous to the forms given in the Appendix to the Revised Code, and is sufficient on demurrer, when the instrument set out is a check within the meaning of the statute.

3. *Same ; what constitutes no defence.* — Neither the fact that the drawer of the forged check is a fictitious person, nor the fact that the drawer had no funds in the bank at the time the order was drawn, is any defence to an indictment for the forgery.

FROM the Circuit Court of Tuscaloosa.

Tried before the Hon. WM. S. MUDD.

The indictment in this case charged that the defendant, before the finding thereof, "falsely, and with the intent to injure or defraud, did forge an order purporting to be the act of one John A. Thompson, which order is in words and figures following : '474. Nutton Clumbus ·St. July 25th, 1872, Boston, Mass. Mr. Moody, banker, Tuskaloosa, Ala. Please let my son, the bearer, have the sum of one hundred and fifty dollars of what I put in your bank the 20th of last October, 1871 ; and you will oblige, yours truly, *John A. Thompson.* My circus will show here, the 20th October. *Thompson, Gilmore & Co.*,' against the peace," &c. The defendant demurred to the indictment, and assigned the following grounds of demurrer : "1. There is no law making the forgery of an instrument like the one set out in the indictment an offence. 2. The indictment does not show that the instrument was, or purported to be, drawn on an incorporated bank or banking company. 3. The indictment does not show that, by the forging of the instrument, any pecuniary demand is, or purports to be, created, incurred, discharged, or diminished. 4. There is no form for the indictment in the Code, and the indictment

[Thompson v. State.]

does not conform either to the statute or the common law." The court overruled the demurrer, and the defendant then pleaded not guilty.

"On the trial," as the bill of exceptions states, "the State introduced as evidence the instrument alleged to have been forged," as copied in the indictment, "and proved that it was written in Tuscaloosa County, in August, 1872. The State next introduced one Jackson Thompson as a witness, who testified that, on the day he presented said order for payment at the bank, the defendant gave it to him, and requested him to call on Mr. Moody and get the money on it, stating that the order was written by Mr. Moody; that this was in August, 1872; that he (witness) could not write nor read writing; that the defendant did not sell him the order, nor offer to sell it to him, but was to pay him for his trouble in getting the money from the bank. The State then introduced the defendant's admission as to what one Charles Olmstead, if present, would swear, to wit: 'Charles Olmstead, if here, would prove that, a day or two immediately preceding the handing of the paper to Jackson Thompson, the defendant called at his store, and loitered about there, and told witness that his father had given him an order like the one alleged to be forged, but he had lost it, and, after some conversation on the subject, requested him to write the order above named, that he (defendant) might keep it as a memorandum; and that he (witness), not thinking there was anything wrong in it, wrote the order just as defendant dictated it.' The State then proved by one Skelton, that defendant, after his arrest, and while confined in jail, told him that his father had been dead for fifteen years. The defendant then introduced W. Moody, the president of the bank, who testified that John A. Thompson had no funds in the bank, nor had ever had any, and never had an account in the bank; and that he knew no such man as John A. Thompson; and that he did not pay the order, but had a warrant issued for the defendant.

"This being all the testimony in the case," the defendant asked the court to give the following charges, in writing, to the jury: "That if they believed, from the evidence, that John A. Thompson, the alleged drawer of the order, had no existence at the time of making the order, they must acquit the defendant; and that if they believed, from the evidence, that John A. Thompson had no funds in Judge Moody's bank at the time the order was drawn, they must acquit the defendant." The court refused each of these charges, and the defendant excepted to their refusal.

VAN HOOSE & POWELL, for the defendant.

BEN. GARDNER, Attorney General, *contra*.

PECK, C. J. — Forgery is the false making of a written instrument, for the purpose of fraud and deceit.   Bouvier's Law Dic. vol. 1, 582.   The instrument described in the indictment, and charged to be forged by the defendant, is an order in writing for the payment of money.   Section 3635, Revised Code, declares that any person who, with intent to injure or defraud, forges any check, &c., is guilty of forgery.   The order, in this case, charged to be forged, is a check within the meaning of said section 3635.   A check is a written order, or request, for the payment of money, addressed to a bank or banker.   The order, in this case, is addressed to Mr.——Moody, banker, Tuscaloosa Ala., and requests him to let the bearer, son of the alleged drawer, have the sum of one hundred and fifty dollars, &c.   This order being the subject of forgery, and the charge that it was forged by the defendant being in form analogous to the forms given in the Appendix to the Revised Code, the demurrer to the indictment was properly overruled.

On the trial, the defendant asked the court to charge the jury that if they believed, from the evidence, that at the time of the making of the said order John A. Thompson, the alleged drawer, had no existence, they must acquit the defendant.   There was no error in refusing to give this charge:

Forgery may be committed by the false making of a written instrument, in the name of a fictitious person.   3 Arch. Cr. Pl. M. p. 538.

The defendant also asked the court to charge the jury that if they believed, from the evidence, that said John A. Thompson had no funds in the bank of Judge Moody, at the time the said order was drawn, they must acquit the defendant.   If the said John A. Thompson was a fictitious person, he would certainly have no funds in the bank ; yet we have seen that forgery may be committed by the false making of a written instrument, in the name of a fictitious person.   This charge was properly refused.                    The judgment is affirmed.