# Bickley *v.* Keenan & Co.

*Statutory Action of Detinue for Mules.*

1. *Execution of conveyance; signature by mark; attesting witness.*—At common law, the signature to an instrument by mark only was valid, without attestation by a subscribing witness; and this principle is not changed by statute (Code of 1876, §§ 1, 2145), except as to conveyances of real estate, and other instruments which are required to be in writing.

2. *Mortgage of personalty.*—A valid mortgage of personal property may be made by words only, without writing; and if it is reduced to writing, though signed by mark only, attesting witnesses are not necessary to its validity.

3. *Registration of mortgage; effect as notice.*—A mortgage of personal property may be admitted to record, without acknowledgment, or proof of execution (Code of 1876, § 2153); and when so recorded, its effect as constructive notice is the same as if such acknowledgment or proof had been made.

[Bickley v. Keenan & Co.]

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. WM. S. MUDD.

This action was brought by the appellees, suing as part-ners, against Thomas B. Bickley, to recover two mules, to-gether with damages for their detention; and was commenced on the 18th November, 1874. The record does not show what pleas were filed; but the bill of exceptions states that the plaintiffs "waived all right to recover one of said mules, and the parties went to trial on issues joined as to the title to the other mule alone." The plaintiffs claimed the mule under a mortgage executed to them by one Frank Meredith, which was dated the 21st January, 1874, was signed by the grantor's mark only, attested by two witnesses, and admitted to record on the 22d January, 1874, but without acknowledg-ment or proof of execution; and they also adduced evidence tending to show that Malinda, the mother of said Frank, who set up some claim to the mules, being informed of the execu-tion of said mortgage by Frank, verbally ratified and con-firmed it; but, on the question of such ratification, the bill of exceptions says, the evidence was conflicting. The de-fendant also derived title under a mortgage executed by said Frank and Malinda, by the names of Frank and Malinda Elliott; which was signed by mark only, was without date or attestation, and was admitted to record, without acknowl-edgment or proof of execution, on the 5th April, 1873. "The plaintiffs objected to the reading of said conveyance as evi-dence to the jury, and the court sustained the objection; to which the defendant excepted. The defendant then offered to prove that said Frank and Malinda did in fact execute said conveyance, by making their marks, and, in connection with this evidence, again offered to read said conveyance to the jury; but the plaintiffs objected, and the court sustained their objection; to which the defendant excepted." The bill of exceptions states, also, that "there was no evidence as to whether or not said Frank and Malinda could write their names."

The rulings of the court on the evidence, with other mat-ters, are now assigned as error.

J. B. MOORE, for appellant.

WM. COOPER, contra.

BRICKELL, C. J.—The ground of objection, or the rea-sons influencing the court to the exclusion of the mortgage, accompanied by evidence of its actual execution, are not stated in the bill of exceptions. The sufficiency and fairness

[Bickley v. Keenan & Co.]

of its consideration does not appear to have been matter of dispute; and if it had been, it would not have justified its exclusion as evidence, whatever instructions to the jury may have been required in reference to it. Prior in point of time of execution, and of registration, if valid and operative as a conveyance, it passed to the defendant a title superior to that created by the mortgage to the plaintiffs, and was a full defense to the present action. The only ground of objection suggested by the argument of counsel, to its admissibility as evidence, is the manner of its execution—that the mortgagors sign by mark only, and their signatures are not attested by a subscribing witness, nor were they acknowledged before, and certified by, an officer having authority to take and certify the acknowledgment of conveyances. The objection is founded on the definition of the words "*signature*" or "*subscription*" given by the first section of the Code. This and several succeeding sections declare the meaning of particular words used in the Code; and among others it is said: "*Signature*, or *subscription*, includes mark, when the person can not write; his name being written near it, and witnessed by a person who writes his own name as a witness."

A subscription or signature to any instrument by mark, at common law, is sufficient; and if it is not an instrument, the execution of which must be attested by a witness or witnesses, the absence of an attestation would not detract from its sufficiency, though proof of execution, when it becomes necessary to prove it, is thereby rendered more difficult.—*Baker v. Dening*, 8 Ad. & Ell. 94; 3 Wash. Real Prop. 244; *Wimberly v. Dallas*, 52 Ala. 196; *Bailey v. Bailey*, 35 Ala. 687. The statutory provision we are considering does not negative expressly the validity of instruments signed or subscribed by mark, and not attested; yet, as it introduces a new rule in reference to subscriptions or signatures, we think it must be construed as implying a negative of the sufficiency of unattested signatures or subscriptions by mark, of all instruments falling within its purview. When a statute limits a thing to be done in a particular manner, it includes in itself a negative; and the negative is, that it shall not be done otherwise. The limitation exists, whenever the statute prescribes the particular manner in which the thing must be done.—1 Kent, 467, marg. note; Sedgwick's Stat. & Const. Law, 31; Potter's Dwarris, 72. On this principle, we held in *Hendon v. White*, 52 Ala. 597, and in subsequent cases, a conveyance of lands is not effectual to pass the legal title, unless attested by one, or, where the grantor can not write, by two witnesses, or acknowledged before a proper officer. Such are the requisitions of the statutes. They define the

constituents of a conveyance of lands; but they do not define the constituents of any conveyance of personal property, whether it is absolute or conditional. That such conveyances may, and will in the course of the transactions of the community, be made, and will be in writing, the statutes recognize, and authorize the registration of such conveyances in particular instances. The mode of executing them— whether they shall be under, or without seal; what shall be the operation of any covenant they contain; the manner of subscribing or signing them, nor any other constituent of their creation, is defined or declared. The manner of creating such conveyances, or of making transfers of personal property, is controlled entirely by the common law.

The statutory definition of *signature* or *subscription* is limited to these words when used in the Code, and to instruments or contracts, which the Code, or some statute not incorporated in it, requires to be signed or subscribed. The agreements which, under the statute of frauds, are void if not in writing, must be *subscribed by the party to be charged, or some other person by him thereunto lawfully authorized in writing.* There are other instruments, also, required to be subscribed or signed. To all these, the statutory definition of subscription or signature extends. It does not extend beyond the use of the words in the Code, or in other statutes which must be construed as if they were a part of it. Contracts, or instruments, the constituents of which are to be ascertained wholly from the common law, are not included by the language of the statute, nor in its spirit or purpose. The mortgage, though executed by mark only, and not attested by witnesses, was a valid conveyance. The title to personal property may pass with or without writing; and if by writing, witnesses to its execution are not essential.—*Morrow v. Turney*, 35 Ala. 131.

Mortgages of personal property, to be operative against subsequent purchasers, or creditors without notice, must be recorded. Proof of their execution, or an acknowledgment of it, is not indispensable to registration. It may be made without either, and operates as notice of their contents.— Code of 1876, § 2153. The registration of the mortgage to the defendant was properly made, and affected the plaintiffs with notice of its contents. The Circuit Court erred in not permitting it to be read in evidence, on proof of its execution. It is not necessary to notice any other of the rulings of the court, as they may not arise on another trial.

The judgment must be reversed, and the cause remanded.