Filed April 26, 1884.

---

No. 11,630.

## LEMASTERS v. THE STATE.

CRIMINAL LAW.—*Forgery.* — *Promissory Note.* — *Execution.* — *Indictment.*— Where the defendant is charged with forgery, in uttering and passing as true a forged promissory note, of which a copy is set out, the indictment will not be held bad on motion to quash, merely because of the defective or imperfect execution of the note, when it appears on its face to be such an instrument as might deceive.

From the Tipton Circuit Court.

*D. Waugh* and *J. P. Kemp,* for appellant.

*F. T. Hord,* Attorney General, *C. C. Shirley,* Prosecuting Attorney, *J. A. Swoveland* and *W. B. Hord,* for the State.

Howk, C. J.—The indictment in this case contained two counts, in each of which the appellant, Lemasters, was charged with the crime of forgery. His motion to quash each count having been overruled by the court, upon arraignment he entered his plea that he was not guilty, as charged in the indictment. The issues joined were tried by a jury, and a verdict was returned finding the appellant guilty as charged in the first count of the indictment, and assessing his punishment at imprisonment in the State's prison for the term of two years, and a fine of $10. Over his motion for a new trial, the court rendered judgment against him on the verdict.

The only question presented for our decision, by the appellant's assignment of error and the argument of his counsel, is the sufficiency of the first count of the indictment. In this count, it was charged that the appellant, Lemasters, on the 3d day of April, 1883, at Tipton county, " did then and there, feloniously and fraudulently, utter, publish and pass to one Absalom M. Vickrey, as true and genuine, a certain false, forged and counterfeit promissory note for the payment of money, purporting to have been made and executed by one John T. Mozings to and in favor of Charles Holmes, or order, which said false, forged and counterfeit note is of the tenor following, to wit:" (Setting out a copy of the note, which we omit.) " With intent then and there, and thereby, at the time he did so feloniously and fraudulently utter, publish and pass said false, forged and counterfeit promissory note, feloniously and fraudulently, to prejudice, damage and defraud him, the said Absalom M. Vickrey, he, the said George Lemasters, then and there, at the time, well knowing the said promissory note to be false, forged and counterfeit, contrary to the form of the statute," etc.

The promissory note, upon which the charge of forgery is predicated, appears to have been signed by the maker, as follows: " John <sup>per</sup> T. Mozings." It will be observed that, al-
mark.

though it was apparently intended the maker of the note should execute it by making his mark, yet there is no mark in the blank space left for a mark as above, between the words " per " and " mark." It is earnestly insisted by the appellant's counsel, that, in the absence or for the want of this mark, the promissory note had not been signed or executed by the maker and had no legal effect, and, therefore, it could not be the subject of forgery. Counsel say : " The note upon its face shows that it is incomplete, that it was intended to be signed by the maker by his mark, and, his mark not being there, it could deceive no one and must be held in law, upon its face, as an unsigned and unexecuted note. This is a simple charge of forgery, no extrinsic matter is averred, and hence we must look to the face of the note for its legal bearing."

The promissory note, set out in the indictment, was manifestly prepared from a printed blank form, and it is perfect and complete in all its parts, except, as we have said, that there is no mark in the space where it was apparently intended that the maker of the note should insert his mark. Whether or not such a note, so executed, would or could deceive any one, is a question of fact for the jury, and not of law for the court. The case at bar is very similar to *Harding* v. *State,* 54 Ind. 359 ; and substantially the same objection was taken to, and the same argument made against, the sufficiency of the indictment in the case cited as in this case. The court there said : " The argument of appellant's counsel is this : Appellant was indicted for forging a promissory note ; it appears upon the face of the indictment, that the instrument forged was not a promissory note, and therefore, his conclusion is, the indictment was insufficient and ought to have been quashed. But, from our standpoint, the argument is unsound and illogical. In our view of the case, appellant was indicted for forging a certain instrument, which is set out in the indictment ; we look to the copy of the instrument, and not to

the name which may be given the instrument, to determine whether or not the instrument appears on its face to be of such a character, that a charge of forgery could be predicated thereon. When we find, as we do in this case, that the indictment charges the forgery of an instrument, which appears on its face, from the copy thereof set out in the indictment, to be naturally calculated to have some effect,"—we can not hold, as matter of law, that the indictment ought to be quashed, merely because of some technical defect or imperfection, requiring close scrutiny to discern it, in the execution of such instrument. To the same effect, substantially, are the cases of *Reed* v. *State,* 28 Ind. 396, and *Powers* v. *State,* 87 Ind. 97.

We are of opinion, therefore, that the trial court committed no error, in the case at bar, in overruling the appellant's motion to quash the first count of the indictment. The evidence is not in the record, and no other error is complained of, in argument, by the appellant's counsel.

The judgment is affirmed, with costs.

Filed May 14, 1884.