Blandford, J.
1. By the laws of Alabama, a mortgage of personal property may be admitted to record without acknowledgement and ■proof of execution, and without witnesses; and when recorded, it operates as notice of its contents. 60 Ala., 293.
2. Where a mortgage on personal property, then in Georgia, is executed in this State by a non resident thereof, the law requires' it to be recorded in the county where the' property is when it is executed. Where a mortgage so executed was not recorded until long after the time provided by law, and until the property has been surrendered by the mortgagor to the person from whom he bought it, and to whom he had given a mortgage with a reservation of title in the vendor until payment, which was recorded in Alabama, and until the property had been sold after such surrender to a third person, the Georgia mortgage lost its lien, and the last purchaser took the title freed therefrom.
3. Whether the horse, whioh was the subject of the controversy, was properly described in the Alabama mortgage, and whether or not the horse so described was the same as that levied on under the Georgia mortgage, were questions of fact which were properly left to the jury.
Judgment affirmed.