[No. 21004.  In Bank.—October 27, 1893.]

THE PEOPLE, RESPONDENT, *v.* EDWARD L. BAKER, APPELLANT. '

CRIMINAL LAW—PLEADING—SUFFICIENCY OF INFORMATION—WORD "INFORMATION."—An information which alleges all the facts necessary to constitute the crime sought to be charged is not defective merely because the word "information" is used only in the heading, and not in the body of the instrument.

ID.—STATEMENT OF VENUE.—Where an information contains the name of the county and state in the first part thereof, an averment that the crime was committed "at the county and state aforesaid " is a sufficient averment of venue.

ID.—FORGERY—MORTGAGE—SUFFICIENCY OF EXECUTION.—The signing of a name of the owner of land by another person, to an instrument purporting to be a mortgage thereof, for the purpose of defrauding such owner and the person from whom the money was to be borrowed on the mortgage, is sufficient to constitute the crime of forgery, whether or not, as matter of law, the mortgage would have been good without the execution of it by both husband and wife.

ID.—UTTERING OF FORGED INSTRUMENT—RECORD OF MORTGAGE—DELIVERY.—The recording of a forged mortgage in the recorder's office at the request of the mortgagee, who desired it to be placed on record before he examined the title, is a sufficient uttering of the forged instrument, although it was not in any other way delivered to the mortgagee.

ID.—CERTIFICATE OF ACKNOWLEDGMENT—VARIANCE—The fact that a copy of an alleged forged mortgage set out in an information charging the forgery thereof does not contain any certificate of acknowledgement, while the mortgage introduced in evidence has such a certificate attached to it, does not constitute a fatal variance.

ID.—EVIDENCE—SIGNATURE OF NOTE SET OUT IN FORGED MORTGAGE.—Upon the trial of a defendant charged with the forgery of a mortgage, where the mortgage as set out in the information contained a copy of the mortgage note, it was not error for the court to allow proof of the signing of the note as well as the mortgage.

ID.—TRIAL—CENSURE OF DEFENDANT'S COUNSEL—UNNECESSARY CONSUMPTION OF TIME.—Where the record shows that the defendant's counsel consumed time unnecessarily in the repetition of questions, a censure for such consumption of time by the trial court is not prejudicial error, though the language of censure employed by the court is more harsh than can be commended.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. G. Peck,* and *S. M. White,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

McFARLAND, J.—The defendant was charged with and convicted of the crime of forgery, and appeals from the judgment and also from an order denying a motion for a new trial.

The appellant makes a great many points in his briefs, and elaborately argues them; and we will notice briefly what we consider the most important of such points.

1. Appellant contends that the information is fatally defective because the word "information" is not used in the body of that pleading. The word "information" appears as a heading of the pleading, and the body of the pleading commences as follows: "The said Edward L. Baker is accused by the district attorney," etc. But, as the pleading alleges all the facts necessary to constitute the crime sought to be charged, it is not defective merely because the word "information" is not used in the body of the instrument. The variation from the usual form was, we presume, the effect of oversight, or, perhaps, of an unexplainable desire to take a new departure; but this variation is not sufficiently material to make the pleading invalid.

We think, also, that the averment of venue is sufficient; the words "county of Los Angeles, state of California," having been used in the first part of the information, it was sufficient afterwards to allege that the crime was committed "at the county and state aforesaid."

2. The alleged forgery was of a certain mortgage, purporting to have been signed by one Morris M. Green; and it is contended by appellant that because said Green was a married man, and there was a homestead declaration on the property covered by the mortgage, therefore no forgery in law could be committed by signing the name of Green alone to the instrument. But if the instrument was falsely made in the name of Green, with intent, as is alleged in the information, to defraud the said Morris M. Green and one Strassforth, from whom the money was to be borrowed on the mort-

gage, the act was forgery, whether or not, as a matter of law, the mortgage would have been good without the execution of it by both husband and wife.

The mortgage was placed on record in the recorder's office by the appellant, or by one Hoy, who was the principal in the alleged crime, because Strassforth, who was to loan the money on the mortgage, desired it to be placed on record before he examined the title; and we think that, under the circumstances, this was a sufficient uttering of the alleged forged instrument, although it was not in any other way delivered to Strassforth, who about that time began to suspect the fraud.

3. The mortgage introduced in evidence had attached to it a certificate of acknowledgment; while the copy of the mortgage set forth in the information did not have such certificate. We do not think that this was a fatal variance.

4. The mortgage as set forth in the information contained a copy of a promissory note which it was given to secure; and we do not think that the court erred in allowing proof of the signing of the note as well as the mortgage. They were both parts of the same transaction, and one was preliminary to the other.

5. We have examined the instructions given to the jury by the court and those asked by defendant and refused; and we do not see any errors committed by the court in the matter of instructing the jury. Of the instructions asked by the defendant and refused those which were correct were given in other parts of the charge.

6. There are a great many exceptions in the record to the rulings of the court upon the admissibility of evidence; but we see no material error committed by the court in such rulings.

7. The most serious point made by appellant is, that during the progress of the trial the court unnecessarily and unjustly censured the attorney of appellant, and applied to his conduct of the case improper adverse criticism, and thus prejudiced the jury against the at-

torney, and therefore against appellant. This conten-
tion has certainly some plausible reasons for its support;
but, after a full consideration of the whole matter, we do
not think that what passed from the court to appellant's
counsel was of sufficient impropriety or importance to
warrant us in setting aside the verdict.

The great difficulty with an appellate court in deter-
mining such a question is to learn from a dry, printed
transcript the true character and quality of the thing
complained of. It is not photographed before us; and
we cannot know the tone, the emphasis, the expression,
the manner with which the thing was said or done.
The language complained of related mainly to what the
court considered an unnecessary consumption of time
by appellant's counsel in examining and cross-examin-
ing witnesses, making objections, etc. The court no
doubt might have confined counsel within proper limits
of time in conducting the defense by the use of less
harsh language; but that nice mingling of the *fortiter
in re* and the *suaviter in modo*, which would enable a
presiding judge to always keep in hand the orderly con-
duct of a' trial without an occasional jerk, is not to be
often expected. Counsel for appellant seems to have
been entirely respectful in his manner to the court; but
his repetition of questions, many of which were pointless,
was a useless waste of time. Some of the witnesses for
the people had been examined on a previous trial of
another person for the same offense, and upon a prelim-
inary examination before a magistrate; and counsel for
appellant asked them a great many questions about
what they had testified on those former occasions. This
was proper, of course, if there had been an apparent
intent to show a difference between their former and
their present testimony; but most of the questions were
whether or not they had said things on the former
occasions which were exactly the same things to which
they had just then presently testified. All this was no
doubt trying to the patience of the court; and while
some of the language used by the court to counsel is not

at all to be commended, we do not think that, considering the whole case, the appellant was prejudiced or injured thereby.

There are no other points necessary to be considered. The judgment and order appealed from are affirmed.

GAROUTTE, J., PATERSON, J., HARRISON, J., FITZGERALD, J., and DE HAVEN, J., concurred.

Rehearing denied.