# Houston v. The State.

*Indictment for Selling or Removing Property on which there is a Lien.*

1. *Mortgage on personal property; execution by one who can not write.* Under the provision of the statute (Code of 1886, § 1731), requiring mortgages of personal property to be in writing and "subscribed by the mortgagor," and the provisions of section 1 of the Code, defining "subscription," a mortgage of personal property by one who can not write, but makes his mark near his name written by another, is invalid unless the making of the mark is attested by a person who writes his own name thereto as a witness.

2. *Same; same; when execution not properly proven.*—Where a mortgage on personal property is executed by one who can not write, but makes his mark near his name written by another, and was attested by two witnesses, one of whom wrote his name and the other made his mark near his name, which was written for him, the execution of such mortgage can not be proven by the testimony of the attesting witness who made his mark; and without proof of its execution by the witness who wrote his name, or the offering of some excuse, sufficient in law, for not producing him, or showing that he was within some of the exceptions to the rule, which allowed other than the best evidence for proving its execution, the execution of such mortgage is not properly proven, and it is not admissible in evidence in a proceeding where it is directly in issue.

APPEAL from the County Court of Sumter.

Tried before the Hon. W. R. DeLOACH.

The appellant, Joe Houston, was indicted, tried and convicted for selling or removing personal property upon which there was a valid lien or claim.

Upon the trial of the cause, as is shown by the bill of exceptions, the State offered in evidence a mortgage, which was alleged to have been executed by the defendant, creating the lien or claim to the property the defendant was charged with having sold or removed. Against the objection and exception of the defendant, the court allowed the State to introduce this mortgage in evidence; and this ruling presents the only question reviewed on the present appeal. The facts in reference thereto are sufficiently stated in the opinion.

[Houston v. The State.]

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State. A witness who can not write his name, but only makes his mark, constitutes a sufficient subscribing witness to a mortgage.—1 Amer. & Eng. Encyc. of Law, 941, and authorities there cited.

PER CURIAM.—The appellant in this case was indicted and tried for selling or removing personal property covered by a lien or claim.—Crim. Code of 1886, § 3835.

The lien upon the property the defendant was charged with having sold or removed, was created by mortgage. On the trial of the cause, the State offered this mortgage in evidence ; and the first question presented is, whether the execution of the mortgage was sufficiently proven to authorize its admission in evidence. The mortgage offered in evidence was signed by the defendant, by his making his mark. This mortgage purported to be attested by two witnesses. One of these witnesses wrote his name as a witness, and the name of the other was written for him,. followed by his mark. The mortgage was neither acknowledged nor probated. The attesting witness, whose name was signed to the mortgage by making his mark, was the one who testified as to the execution of the mortgage in question.

At the common law, it was not necessary that private writings should be attested ; but this rule has been abrogated by statute. It was formerly unnecessary that mortgages of personal property should be in writing ; and it has been expressly held in this State that written mortgages of personal property, which were signed by the mortgagor making his mark, and attested by two witnesses making their mark, was sufficiently valid to enable the mortgagee to base his claim to the property conveyed therein. This conclusion was rested upon the ground that a verbal mortgage of personal property was sufficient to pass the title to the mortgagee ; and that, therefore, a mortgage of personal property so executed as to be invalid, if a mortgage of land, was, nevertheless, valid as to personalty.—*Ala. Warehouse Co. v. Lewis*, 56 Ala. 514.

By the act approved January 22, 1885, (Acts of

1884-85, p. 93), which now constitutes section 1731 of the Code of 1886, it was provided that "a mortgage of personal property is not valid unless made in writing and subscribed by the mortgagor." The definition of "*signature*," or "*subscription*," as given by the first section of the Code "includes mark when a person can not write his name, his name being written near it, and witnessed by a person who writes his own name as a witness." Under these statutory provisions a mortgage of personal property by one who is unable to write his name is "subscribed by the mortgagor" only when he has made his mark near his name subscribed for him, and this making of his mark has been witnessed by a person who can and does write "his own name as a witness." Without this attesting witness who writes his name as a witness, there can be no valid execution of the mortgage by such mortgagor.—Code of 1886, §§ 1, 1731; *Mash v. Daniel*, 105 Ala. 393; *Johnson & Co. v. Davis*, 95 Ala. 293.

The very purpose of the statute in requiring that the making of a mark by the mortgagor in the execution of the mortgage should be attested by a witness who could write his name, is to prevent injustice or fraud being committed, and is intended as a security against clandestine conveyances—it is for the protection of the one who executes the instrument. It would be a violation of the words, and go far to defeat the policy and emasculate the requirements of this statute, if it should be construed as sanctioning an attestation of a witness who makes his mark only, when the party executing the instrument subscribes only by a mark.

The rule is well settled, that where an instrument attested by a subscribing witness is directly in issue, its execution can be proved only by one or more of the subscribing witnesses, unless some excuse, sufficient in law, can be shown for not producing them.—*Askew v. Steiner*, 76 Ala. 218; *Russell v. Walker*, 73 Ala. 315; *Ellerson v. State*, 69 Ala. 1. A subscribing witness is defined by Mr. Greenleaf as "one who was present when the instrument was executed, and who, at that time, at the request or with the assent of the party, subscribed his name to it as a witness of the execution. If his name is signed, not by himself, but by the party, it is no attestation."—1 Greenl. on Evidence, § 569a.

There was, to the mortgage in question, but one sub-subscribing witness within the definition and rule above announced; and this was the person who wrote his name as attesting the execution of the mortgage. His presence, or that of another who could write his name, was needed to give validity to the execution of the mortgage by the defendant; and it was his signature, in this instance, which completed the subscription of the mortgage by the defendant, who made his mark thereto. Therefore, the testimony of this subscribing witness was the best evidence of the execution of the mortgage; and, under the principles announced above, was the only testimony admissible for this purpose, unless he was absent and his absence properly and legally accounted for. There was no effort to introduce this witness, nor was there any excuse offered for the failure to introduce him, nor was it shown that he was within any of the exceptions to the rule, which allowed other than the best evidence in proving the execution.

The reason of and for the rule here announced is well demonstrated by the testimony in this particular case. The witness examined to prove the execution of the mortgage could neither read nor write. He testified on his direct examination that the mortgage offered in evidence was the mortgage executed by the defendant and which he witnessed. And yet, on being cross-examined, his testimony was "that he could not tell the mortgage introduced in evidence from any other paper, and that the only thing he knew about the matter was, that they told him it was a mortgage Joe [the defendant] signed, and that he (witness) was a witness to the mortgage, and that his name as a witness was written on said mortgage and he signed by making his cross-mark; * * * * that he did not know whether the paper introduced as a mortgage was the paper signed by him or not." Under such testimony, it certainly could not be contended that the execution of the mortgage was sufficiently proven to allow its introduction in evidence, under the rule announced above. The court erred in allowing this mortgage to be introduced in evidence. This necessitates a reversal of the judgment of conviction; and as it is hardly probable that the same rulings of the trial court, which are the bases for the other exceptions reserved by the defendant, will again be made,

it is unnecessary to consider the other questions presented on the present appeal.

Reversed and remanded.