(94 South. 262)
## LESSLEY v. STATE. (6 Div. 990.)

(Court of Appeals of Alabama. June 13, 1922. Rehearing Denied Oct. 24, 1922.)

**1. Forgery 12(½)—Instrument must be or appear to be legally valid if true.**

To authorize an indictment for forgery, the instrument must appear on its face to be, or be in fact, one which, if true, would possess some legal validity, or be legally capable of effecting a fraud.

**2. Forgery 12(1)—Check signed by mark and attested by payee held subject of forgery.**

A check signed by mark is a subject of forgery, as exposing the party on whom the forgery is perpetrated to apparent risk, though attested by the forger, who is named as payee, whether or not it is such an instrument as is required by statute, as between a bank and its depositor, to be signed by the latter in order to bind him and protect the bank in the payment of his money, as there appears on its face to be a signature at common law, which imports a liability, in the absence of evidence there present that the drawer could not write his name, and renders it admissible as an adminicle of documentary proof in a proper suit, even if the signature is void, though not witnessed as required by Code 1907, §§ 5075, 5132, in the case of checks circulating as bills of exchange in the marts of trade.

**3. Bail 44 — Not allowed pending appeal from conviction of forgery.**

Bail should not be allowed pending appeal from a conviction of forgery, the penalty for which is imprisonment in the penitentiary for more than five years.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
18 ALA.APP.—42

**4. Criminal law ⬥⫘1131(5)—Appeal and application for rehearing dismissed, where appellant has escaped from custody.**

Where appellant has escaped from legal custody following affirmance of his conviction, his application for rehearing and the appeal will be dismissed.

Bricken, P. J., dissenting in part.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

W. B. Lessley was convicted of forgery, and he appeals. Affirmed.

Edward de Graffenried, Jr., of Tuscaloosa, for appellant.

Forgery is the signing by one without authority, and falsely, and with the intent to defraud, the name of another to an instrument which, if genuine, might apparently be of legal efficacy or the foundation of legal liability. 53 Ala. 467, 25 Am. Rep. 639; 62 South. 320; 75 Ala. 1; 81 Ala. 61, 1 South. 69. The attesting witness to the signatures on the check, being the payee, was an incompetent witness thereto, and said check was void, and constituted no basis or foundation for any apparent liability, and was not therefore the subject of forgery. 76 Ala. 247; 79 Ala. 49.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is not necessary that a check be witnessed in the form required for conveyances. Code 1907, § 3355. The payee in a check might, if an attesting witness were necessary, sign his name as an attesting witness. 153 Ala. 352, 45 South. 219. The fact that the instrument alleged to have been forged is called a check does not render the indictment subject to-demurrer, for the reason that the instrument is set out at length in the indictment and speaks for itself. 49 Ala. 16; 126 Ala. 50, 28 South. 632

SAMFORD, J. (for the majority). The defendant was charged with forging the following instrument:

"Tuscaloosa, Ala., July 12th, 1920.
"The First National Bank     61-70
of Tuscaloosa, Ala.
"Pay to the order of W. B. Lessley $2,901.60, twenty-nine hundred & Won & 60/100 Dollars.
                    X        X
"Wit                 Bob & Lila Casper.
"W. B. Lessly."

The sole question presented for review upon the merits of the prosecution is whether the check above set out, being signed by mark and attested by the payee, who received the money, is the subject of forgery. This question was raised in the trial court by demur-rer, objection to testimony, and by refused charges, and is fairly presented to this court.

[1] To authorize an indictment for forgery the instrument must either appear on its face to be, or be in fact one which, if true, would possess some legal validity, or be legally capable of effecting a fraud (Dixon v. State, 81 Ala. 61, 1 South. 69), or, as expressed in the common-law definition of forgery, "might apparently be of legal efficacy or foundation of a legal liability." Bishop, 1 Crim. Law (7th Ed.) § 522.

[2] The insistence is here made that, as the check is signed by mark and attested by defendant, who was the payee named in the check, on its face the signature was void and of no effect, and therefore not calculated to deceive. For the purposes of the law merchant a check is defined to be (Code 1907, §§ 5132, 5075) "an unconditional order in writing addressed by one person to another, signed by the person giving it," etc., and when the check is to circulate as a bill of exchange in the marts of trade, to be valid, if signed by mark by a person unable to write, it must be witnessed as required by statute (Flowers v. Bitting, 45 Ala. 448). This is not a requirement of the statute, to the effect that a party having money in a bank may not withdraw it or order it to be paid to another except in writing signed by the party, as between the bank and its depositor. And where it is not so required by statute, such payment may be effected by an instrument signed by mark, although not witnessed. Bickley v. Keenan, 60 Ala. 293; Bates v. Harte, 124 Ala. 427, 26 South. 898, 82 Am. St. Rep. 186; Jackson v. Tribble. 156 Ala. 480, 47 South. 310. If the party could write his name he could sign by mark, if he so desired and so adopted it. Smith v. Vaughn, 206 Ala. 9, 89 South. 303; Jackson v. Tribble, 156 Ala. 480, 47 South. 310. If, therefore, the check had been genuine, and the drawers had actually made their marks to the check or order, such check or order would have imported a liability upon which suit could have been maintained and judgment rendered, unless the drawers by proper defense had shown that at the time the order was so signed they could not read or write; the burden resting upon them to make this proof. Or, if suit had been brought by the drawers against the bank for and on account of the deposit, such check or order, proven to be genuine, would be admissible in evidence to show that the money had been paid out under the direction of the drawers, and the drawers would not be permitted to recover over their admitted order to pay. Flowers v. Bitting, 45 Ala. 448.

If then the order or check is not such instrument, as between the bank and its depositor is required by statute to be signed in order to bind the depositor and protect

the bank in the payment of the depositor's money, the check or order is the subject of forgery. Bickley v. Keenan & Co.,. 60 Ala. 293; Barnett v. State, 89 Ala. 165–171, 7 South. 414; Jackson v. Tribble, 156 Ala. 480, 47 South. 310. If it is such an instrument as is required by the statute to be signed, upon its face it appeared to be a signature at common law, importing a liability, in the absence of evidence there present, that the drawer could not write his name. If it was a void signature, it would still be admissible as evidence in a proper suit, as an adminicle of documentary proof, in either of which events it is the subject of forgery; all that is required being that the party on whom the forgery is perpetrated should be exposed to apparent risks. 11 Wharton's Crim. Law, § 900, note 7.

The court did not err in its several rulings bearing on the foregoing questions.

[3] We note, however, an error in the judgment, in that defendant was allowed bail in the sum of $5,000 pending appeal. The sentence of the law being that he be imprisoned in the penitentiary for more than five years, bail should not be allowed, and the sheriff of Tuscaloosa county is hereby ordered to at once take the defendant into his custody, and to so detain him until he may be delivered to the,proper officials.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.

BRICKEN, P. J., dissents.

MERRITT, J. I concur in the conclusion reached by SAMFORD, J., but wish to place my concurrence in such conclusion on the ground that the check set out in the indictment is of apparent legal efficacy. An instrument cannot be said to be incapable of effecting fraud because by extraneous evidence it can be shown to be of no validity. Such instruments are nevertheless the subject of forgery.

So far as the check shows on its face, it was signed by the drawers, Bob and Lila Casper, by each writing their names, and the fact that there was an X mark over the name of "Bob" and "Lila Casper," without more, does not indicate that it was signed by mark, and to so establish this fact required evidence aliunde. If it be conceded that the X mark, without more, shows that Bob and Lila Casper signed the instrument by making their mark, then the check shows on its face that such signing was attested by a witness who could write his name. But it is contended that such attesting witness was as a matter of fact the payee named in the check, and as such could not be an attesting witness. Conceding then further that as a matter of law the payee could not be an attesting witness to the signature to the in-

strument drawn in his favor, yet it does' not appear from the face of the check that the attesting witness is one and the same person, and extraneous evidence would be necessary to establish this fact. In fact the payee is "W. B. Lessley," while the attesting witness is "W. B. Lessly." But it may be contended that this reasoning is good, so far as the demurrers are concerned, but that the evidence shows that the drawers did sign by mark, and that the attesting witness is the same person named as payee in the check, and that on this account the check was improperly admitted in evidence.

A sufficient answer to this is that, while the evidence on the trial may show these to be the facts, yet all of these things did not appear on the face of the instrument, and that at the time of the alleged forgery this check as executed was calculated to deceive and perpetrate a fraud, and if all the evidence showed an instrument calculated to consummate a fraud, even though the instrument whereby the attempt was made should be shown by extraneous facts to be of no legal import, still the instrument under these facts is the subject of forgery. This would be true if the name signed was fictitious, or that a person to whom an order is addressed had no money or goods of the purported drawer in his possession. 19 Cyc. 1382; People v. McGlade, 139 Cal. 66, 72 Pac. 600; People v. Baker, 100 Cal. 188, 34 Pac. 649, 38 Am. St. Rep. 276; State v. Pierce, 8 Iowa, 231; State v. Hilton, 35 Kan. 338, 11 Pac. 164; State v. Morton, 27 Vt. 310. 65 Am. Dec. 201; Bowles v. State, 37 Ohio St. 35; Lemasters v. State, 95 Ind. 367; Thompson v. State, 49 Ala. 16; Williams v. State, 126 Ala. 50, 28 South. 682.

I am conceding, without deciding, that where a check is signed by mark, it is necessary that there should be an attesting witness who can write his name.

BRICKEN. P. J. [4] It having officially been made known to this court that this appellant has escaped from legal custody, and is now a fugitive from justice, the application for rehearing and the appeal is dismissed.

BRICKEN,,P. J. (dissenting). The appellant was convicted in the court below of the criminal offense of forgery in the second degree, and from the judgment of conviction pronounced against him he prosecutes his appeal to this court.

The indictment preferred against the defendant in the trial court charged him with the forgery of a certain alleged check, which is set out in the indictment, and which appears to be set out in hæc verba in the record before us on appeal.

The defendant demurred to the indictment, and by said demurrer challenged the appar-

ent validity of the instrument set out in the indictment as a check: First, because said alleged check did not purport to be signed by the makers thereof; second, because the signatures to said alleged check purported to be by mark, and the same did not purport to be witnessed; and, third, because the drawers of said alleged check could not write their names, and their signatures purported to be by mark, and said alleged check showed on its face that the only attesting witness to the signatures by mark of the alleged drawers of said check was the payee of said check. The trial court overruled said demurrers, and the defendant excepted.

The same legal questions were raised by the defendant upon his trial through appropriate objections to the introduction of said alleged check in evidence, and by motions to exclude the same from the consideration of the jury, and also by his request in writing for the general charge, first, to the indictment in its entirety, and, second, to the second count thereof.

Whether a written instrument alleged to be forged would create a legal liability is a question of law, and was therefore properly addressed for the judicial determination of the trial court. Lampkin v. State, 105 Ala. 1, 16 South. 575.

Section 6910, Code 1907, defines forgery in the second degree, and, under the Code, as the same has been repeatedly construed by our Supreme Court and by this court, it is not every written instrument that may be the subject of forgery. Before there can be any forgery the instrument alleged to be forged must be such as, either upon its face, or by reason of attendant circumstances, appears to have the capacity to injure or defraud. *It must be such an instrument which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability.* Such is the construction of the repeated decisions of our courts of last resort. Rembert v. State, 53 Ala. 467, 25 Am. Rep. 639; Hobbs v. State, 75 Ala. 1; Dixon v. State, 81 Ala. 61, 1 South. 69; Burden v. State, 120 Ala. 388, 25 South. 190, 74 Am. St. Rep. 37; Everage v. State, 14 Ala. App. 106, 71 South. 983.

It must be conceded that a check, or any other written instrument, of apparent legal efficacy, and capable, upon its face of working injury, or possessing the power to defraud or of creating a legal liability, is the subject of forgery. This is true whether the instrument purports to be signed by the maker thereof in his own handwriting or by mark.

The demurrer filed to the indictment challenges the alleged check upon the ground that it does not purport to have been signed by the makers thereof by mark in form and manner as provided by section 1 of the Code of 1907.

It is first insisted by the state that the indictment was not subject to the demurrer interposed because said indictment is in Code form and the alleged check is set out in the indictment in hæc verba, and that the designation of the instrument as "a check" is immaterial. This insistence would be correct if the instrument itself was of apparent legal efficacy or effect, and not wanting in the capacity to work injury, or to defraud, or to create a legal liability; on the contrary, if the alleged instrument is without the characteristics specified, then the fact that it is set forth in its identical form and words in the indictment will not give the indictment the legal effect of charging the offense of forgery. The precise question was decided in the case of Fomby v. State, 87 Ala. 36, 6 South. 271, where it was said:

"It is well established that an indictment which merely sets out a writing, on which the forgery charge is predicated, *wanting in the legal requisites to its validity,* or so imperfect or incomplete that it cannot be the foundation of a legal liability, and its real meaning and terms are not intelligible from the words and characters used, does not charge an offense."

Section 4720 of the Code of 1896, now incorporated in section 6910 of the Code of 1907, was construed by the Supreme Court, in the case of Burden v. State, 120 Ala. 388, 25 South. 190, 74 Am. St. Rep. 37, with respect to the present insistence of the state, and it was there said:

"The statute is not open to such interpretation, we think; and we reiterate, with respect to the present form of the provision what has been many times declared by this court: A writing to be the subject of forgery must either upon its face or by reason of attendant circumstances *have, upon the assumption of its genuineness, a capacity to injure or defraud.*"

In the case of Hobbs v. State, 75 Ala. 1, it was said:

"A writing, void on its face *because of the want of legal requisites to its validity,* is not the subject of an indictment for forgery, in consequence of its incapacity to effect fraud. Illustrations are an unattested will of lands, and a conveyance of lands by a married woman, *not purporting to be executed as the law may appoint.*"

So then the fact that the alleged check is set out in the indictment does not give life to the indictment if said check was void on its face because not apparently signed by the makers thereof.

It is next insisted by the state that the names of the drawers of the check are not shown by said instrument to have been subscribed by mark. The suggestion is that the usual way for a person to sign a paper by mark is for a cross mark to be made, and the words "his mark" or "her mark" to be shown or written in connection with the cross mark. This contention of the state

is, we think, untenable. The instrument set out in the record clearly shows that a cross mark is placed just above the name "Bob," and also just above the name "Lila" of the signatures to the alleged check, and in so far as the manner of affixing the mark is concerned the method adopted was in the manner prescribed by the Code; that is, the cross mark in each instance was affixed near the written names of the purported signers of the alleged check. The absence of the words "his mark" and of "her mark" is, we think, immaterial. The precise question was before the Supreme Court in the case of Harwell et al. v. Zimmerman, 157 Ala. 473, 47 South. 722, and was there decided against the present insistence of the state.

It is finally insisted by the state that a check is not such a written instrument as requires a witness to its execution. There is no statute in this state that requires a check to be witnessed. There is a statute which defines a check, and under the statutory definition such instrument *must be in writing, and must be signed by the maker thereof.* This brings us to a consideration and decision of the real question in this case. The written instrument set out in the indictment is a check if it is anything. It is a check if it is not void. It is a check if it is not wanting in the legal requisites to its validity. If the instrument in question is void on its face *because of the want of legal requisites to its validity,* then it is not the subject of an indictment for forgery. Hobbs v. State, supra.

A check is a bill of exchange drawn on a bank and payable on demand. Code of Alabama 1907, § 5132.

A bill of exchange is an unconditional order *in writing,* addressed by one person to another, and *signed* by the person giving it, requiring the person to whom it is addressed to pay on demand, or at a fixed or determinable time, a certain sum of money to order or to bearer. Code of Alabama 1907, § 5075.

A check, therefore, as defined by the Code, is an unconditional order in writing drawn on a bank, payable on demand, and signed by the person giving it.

Section 1 of the Code of Alabama 1907 declares the meaning of certain words used in the Code. Among others are the words "signature" or "subscription," and as to these it is said:

" 'Signature' or 'subscription' includes mark when the person cannot write, his name being written near it, *and witnessed by a person who writes his own name as a witness.*"

The statutory definition of signature or subscription is limited to these words when used in the Code and to instruments or contracts which the Code, or some statute not incorporated in it, requires to be signed or subscribed by the maker, or makers, thereof. A check, under the Code, being an instrument in writing which the Code requires to be signed by the maker thereof, the statutory definition of signature or subscription, as used in the Code, will apply to checks. Therefore, whenever a person who cannot write his name undertakes to draw a check, his name must be subscribed to the check by some person who can write, and the maker of the check must affix his mark near his, or her, written name, and the making of such mark must be witnessed by a person who can and does write his own name as a witness. Not only must the mark of the maker be affixed to the instrument, *but it must be witnessed* by a person who writes his own name as a witness. Both the mark and the witness thereto are essential to a valid signature by mark of persons who cannot write to all instruments which, under the Code of this state, must be in writing and signed by the maker thereof, and not acknowledged in the manner prescribed by law.

In the case of Bickley v. Keenan, 60 Ala. 293, the validity of a signature to an instrument in writing under the Code is illustrated in the following language:

"The statutory provision we are considering does not negative expressly the validity of instruments signed or subscribed by mark, and not attested; yet, as it introduces a new rule in reference to subscriptions or signatures, we think it must be construed as implying a negative of the sufficiency of unattested signatures or subscriptions by mark, of all instruments falling within its purview. When a statute limits a thing to be done in a particular manner, it includes in itself a negative; *and the negative is, that it shall not be done otherwise.* The limitation exists, whenever the statute prescribes the particular manner in which the thing must be done."

We have seen that a writing, void on its face because of the want of legal requisites to its validity, is not the subject of forgery. Hobbs v. State, 75 Ala. 1, supra; Fomby v. State, 87 Ala. 36, 6 South. 271, supra, and Burden v. State, 120 Ala. 388, 25 South. 190, 74 Am. St. Rep. 37, supra.

Were the signatures by mark to the alleged check in question of persons who could not write witnessed by a person who could write his own name as a witness, within the meaning, intent, and purpose of section 1 of the Code? Was W. B. Lessley, the payee of the alleged check, a competent witness thereto so as apparently to make the signatures by mark of the alleged makers thereof their signatures in fact and in law? As supporting the contention that the signatures in question were of apparent legal efficacy, we are cited by the state to the cases of McGowan v. Collins, 154 Ala. 299, 46 South. 228, and Jackson v. Tribble, 156 Ala. 480, 47 South. 310. Each of the cases cited relates to a written instrument not required, either by the Code or any statute of this state, to be in writing and subscribed by the maker thereof.

They relate solely to common-law private writings, and to this class of instruments we have already observed that a signature by mark, though not witnessed, was good.

In the case of Houston v. State, 114 Ala. 15, 21 South. 813, it was said:

"It was formerly unnecessary that mortgages of personal property should be in writing, and it has been expressly held in this state that written mortgages of personal property which were signed by the mortgagor making his mark, and attested by two witnesses making their mark, was sufficiently valid to enable the mortgagee to base his claim to the property conveyed therein."

Such was the law with reference to chattel mortgages until the act approved January 22, 1885, now incorporated in the Code of 1907 as section 4288, and which provides that "a mortgage of personal property is not valid unless made in writing and subscribed by the mortgagor." Since the time when the statute which required a chattel mortgage to be in writing and subscribed by the mortgagor went into effect, a mortgage of personal property by one who is unable to write his name is subscribed by the mortgagor—

"only when he has made his mark near his name subscribed for him, and this making of his mark has been witnessed by a person who can and does write 'his own name as a witness.' Without this attesting witness who writes his name as a witness, there can be no valid execution of the mortgage by such mortgagor."

We know of no statutory authority requiring a chattel mortgage to be witnessed in any case where the maker subscribes his own name thereto. It is only in cases where the maker of such an instrument is unable to write his name and his signature to such instrument is made by mark that a subscribing witness to the signature by mark is required.

In Penton v. Williams, 150 Ala. 153, 43 South. 211, it was held that a note containing a waiver of exemptions, the name of the maker of which and whose mark had been signed and made by the payee, but without a subscribing witness, was not subscribed by the party making it, under section 1 of the Code, and that said note was not admissible in evidence, because, under section 4232 of the Code a waiver of exemptions must be in writing, subscribed by the party making the same. The line of distinction is clearly demarked, and has always been maintained in the construction of the statute under consideration. We can only repeat that if the instrument in question is one which, under the Code or some statute of this state, must be in writing and subscribed by the maker thereof, then to every such instrument a valid signature by mark can only be made when the same is attested by a witness who can and does subscribe his name thereto as a witness, or when the execution of the instrument is acknowledged before a proper officer in manner and form as required by law.

Whether or not the alleged check in question was apparently signed by Bob and Lila Casper, the alleged makers thereof, within the intent, meaning, and purpose of section 1 of the Code, depends upon the inquiry as to whether or not W. B. Lessley, the payee of said alleged check, was a competent witness thereto.

The case of Morris v. Bank of Attalla, 153 Ala. 352, 45 South. 219, cited by the state, was one where a stockholder in a corporation was a witness to a mortgage payable to the corporation, and it was held in that case that the fact that the subscribing witness to the signature by mark was a stockholder in the mortgagee corporation did not disqualify him from signing as a witness to the mortgage. In that case, the stockholder was not the payee of the mortgage, nor was he individually a party to it. The authority cited affords no answer to the question here raised and insisted upon.

In the case of Coleman v. State, 79 Ala. 49, it was said:

"No party to an instrument is a competent attesting witness to it, unless made so by statute; and this rule is not affected by the alteration of the former law made by section 3058 of the Code of 1876, which rendered parties and interested persons competent witnesses in certain cases."

It may be observed that in so far as the instant case is concerned, section 4007 of the Code of 1907 has not changed or enlarged the construction placed upon section 3058 of the Code of 1876, and it appears that this judicial construction, as announced in Coleman's Case, supra, has become firmly established in the rules of evidence and procedure that obtain in this state.

In the case of Seibold v. Rogers, 110 Ala. 440, 18 South. 312, a certain chattel mortgage was offered in evidence. The mortgage purported to have been attested by two witnesses, of whom the mortgagee was one. It also appeared that the name of the other attesting witness to the instrument was not written by said witness, but the name of said witness was written by the mortgagee. It was held that the mortgagee could not be an attesting witness to the instrument, as he was a party thereto; it was further held that the second subscribing witness was not in fact a witness because his name as such witness had been written by the mortgagee; and it was further held that the instrument should be treated as having no attesting witnesses.

In the case of Barksdale v. Bullington, 194 Ala. 624, 69 South. 891, it was said:

"The attestation by one who does write his name is a part of the signature of the maker who cannot write, and signs by his mark. So

in Houston v. State, 114 Ala. 15, 21 South. 813, it was held that an attesting witness who signed by mark did not properly prove the execution. The provision of section 4288 of the Code that a mortgage of personal property is not valid, unless made in writing and subscribed by the mortgagor, can be complied with only as required by section 1 of the Code."

In the case of Houston v. State, 114 Ala. 15, 21 South. 813, the reason and sense of the statutory requirements we are considering is announced in the following language:

"The very purpose of the statute in requiring that the making of a mark by the mortgagor in the execution of the mortgage should be attested by a witness who could write his name is to prevent injustice or fraud being committed, *and is intended as a security against clandestine conveyances.* It is for the protection of the one who executes the instrument."

If the payee of a check may be the attesting witness to the signature by mark of the maker of the check, where is the sense or reason for the requirement of the statute that the signature by mark of the maker shall be attested at all? To hold that the payee of such an instrument as is set out in the indictment in this case is a competent witness to the signatures by mark of the makers of the instrument would be to defeat and emasculate the requirement of the statute under consideration, and would be to ignore the repeated decisions to the effect that a party to an instrument is not a competent witness to it. The conclusion is irresistible that W. B. Lessley, the payee of the alleged check, was an incompetent witness thereto.

The Code requires that such an instrument as is set out in the indictment must be in writing, and must be subscribed by the maker. The makers in the instant case could not write their own names. They could only sign by mark, and the attestation of one who could and did write his name as a witness was a necessary and essential part of the signatures of the makers who purported to sign their names by mark. The payee of said instrument was incompetent to become an attesting witness to the signatures thereto, and the instrument must be treated as having no attesting witness (Seibold v. Rogers, supra), and, having no attesting witness, there was no signature to said instrument. It was not apparently signed by the makers thereof, as required by section 1 of the Code, and does not purport to be so signed, and was void upon its face, and was wanting in the capacity to inflict injury or create a legal liability. Under our repeated decisions, said instrument, signed in manner and form as it purports to be signed, was not the subject of forgery. We, therefore, hold that the trial court erred: First, in overruling the defendant's demurrers to the indictment; second,

in admitting said alleged check in evidence; and, third, in refusing the affirmative charge requested in writing by the defendant.

The trial court's attention is directed to the statute, Acts 1911, p. 113. Under the sentence pronounced by the court upon this defendant, it being a minimum of 6 years and a maximum of 10 years, that portion of the judgment entry which provides that defendant pending this appeal may enter into a bond of $5,000 is without authority of law. Under the terms of the statute supra, if the maximum sentence imposed exceeds 5 years, the defendant must be held in custody pending appeal. See, also, Rogers v. State, 17 Ala. App. 175, 83 South. 359.

The foregoing expresses the views of BRICKEN, P. J., who is of the opinion that for the errors pointed out the judgment appealed from should be reversed, and the cause remanded. The majority of the court, however, entertain different views, and have reached the conclusion, contra. SAMFORD, J. (for the majority) in an opinion affirms the judgment of the lower court. MERRITT, J., also expresses his views in an opinion in which he concurs in the conclusion reached by SAMFORD, J.

It follows therefore that the judgment appealed from must be affirmed, but from this conclusion BRICKEN, P. J., dissents.