THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FÉLIX RIVERA TORRES, Defendant and Appellant.

Nos. 13521 and 13522.   Argued November 15, 1948.—Decided November 30, 1948.

*José M. Valentín Esteves* for appellant.   *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Two informations were filed in the District Court of San Juan, charging Félix Rivera Torres with forgery, in that he subscribed, uttered, passed, and delivered as true and genuine, and as signed by Santiago Osorio Santos, two checks for $197.50 and $45.60, respectively.   The cases were sepa-

rately heard before the court without a jury, and the evidence introduced by The People was, in brief, as follows:

In the first case, that the defendant personally came to the furniture store of Miguel Colón and stated to the latter that he desired to purchase some linoleum valued at $9, in payment of which he gave Colón a check for $197.50 drawn by Santiago Osorio Santos; that Colón returned $188.50 to the defendant; that the signature of Santiago Osorio Santos which appeared in said check was not genuine; and that the defendant himself, in an affidavit made by him before the district attorney and offered by the latter in evidence, admitted that he had forged it.

In the second case, that the defendant handed a check for $45.60 to Felipe Maldonado to be cashed; that Maldonado did not know the defendant and required from the latter that a person should identify him, and one Alejo Vázquez shortly thereafter identified him; that then the amount of the check was paid by Maldonado to the defendant; that soon afterward Maldonado carried the check to his son-in-law, Luis Serra, and the latter cashed it for him, and that when Serra sent it to the bank it was returned because the signature appearing thereon was not genuine. It was also shown that sometime afterward the father of the defendant paid to Maldonado the amount of the check.[1] Rivera Torres did not introduce any evidence in either of the two cases.

After weighing the evidence, the lower court found the defendant guilty and sentenced him to a term of from three to fourteen years in the penitentiary in each case, both sentences to be served concurrently. The defendant has appealed from the judgments, and in both cases he contends that the lower court erred in finding him guilty on insufficient evidence, and that the sentences are contrary to law and the proof.

---

[1] Serra had already demanded from his father-in-law the return of the $5.60 and Maldonado had complied with this demand.

▮ Section 413 of our Penal Code amply defines the crime of forgery and provides, among other things, that every person who makes, alters, or passes a check, knowing the same to be false, with intent to prejudice, damage, or defraud any person, is guilty of forgery. The gist of the crime consists in the intention to prejudice, cause damage, or defraud any person knowing that the document is false. *People* v. *Tinajero*, 40 P.R.R. 703; *People* v. *Perazza*, 53 P.R.R. 560; *People* v. *Baker*, 100 Cal. 188. In the instant case the defendant not only prepared and subscribed the checks with the signature of another person, but also, knowing the same to be false cashed them and appropriated to himself the money thus obtained. The fact that the father of the defendant repaid to one of the interested parties the amount of one of the checks, does not alter the situation at all, since as we have stated in *People* v. *Perazza, supra,* even the fact that the forged checks were not collected or cashed, does not relieve the defendant from criminal responsibility. See also *People* v. *DiRyana*, 8 Cal. App. 333, 96 P. 919, 12 Cal. Jur. § 3, p. 648; 23 Am. Jur. § 28, p. 687. Cf *United States* v. *Plyer* 222 U. S. 15.

The evidence contained in the record justifies the judgments rendered, which are not contrary to law. The elements of the crime charged were fully established.

The judgments appealed from should be affirmed.