Peete *v.* The State.

POWHATTAN PEETE *alias* LORIE ROGERS *v.* THE STATE.

1. CRIMINAL LAW. *Forgery.* An order for merchandise may be the subject of forgery, though addressed to no one.
2. SAME. *Uttering a forged instrument.* The defendant may be convicted of uttering forged paper, if the name forged resembled the genuine signature so much as to deceive men of ordinary business capacity.

FROM HAYWOOD.

Appeal in error from the Circuit Court of Haywood County. J. T. CARTHEL, Judge.

NUNN & REVELS and J. W. E. MOORE for Rogers.

ATTORNEY-GENERAL LEA for the State.

McFARLAND, J., delivered the opinion of the court.

This is an indictment charging the prisoner with forging, and in other counts with altering and offering

33—VOL. 2.

to pass a forged order, which, as set out in the bill of exceptions, is as follows, to-wit:

" May let Lorie Rogers have nineteen (19.00) dollars in goods, and charge to me.      W. CPELL."

Endorsed " Brownsville, Tenn."

The indictment charges that the person whose name was intended to be forged was W. E. Capell—but it will be observed that both initials are not signed, and that the second letter " a " of the surname is omitted. A demurrer to the indictment was overruled, and the defendant convicted.

It appears in proof that the defendant had worked for the prosecutor, W. E. Capell, and had received from him orders on Hotchkiss & Wilder, merchants of Brownsville. That afterward the defendant presented the order in question to one of said firm, who observed that it was badly written, and asked defendant if Capell wrote it. He replied that he did, that he was in a hurry, and wrote it on his horse. This explanation was deemed sufficient, and a clerk was proceeding to fill the order and had nearly done so, when Capell came into the store and his attention was called to the order, and he at once repudiated it. Very soon after Capell came into the store, and before he could examine the order, the defendant left the store, and did not return.

The questions made for reversal are: 1st, that the order is addressed to no one. This is not material. See 2 Am. Cr. P. & P., 1633. 2d, it is insisted that no one's name was forged to the paper, and it is therefore not the subject of forgery. It is in proof

that notwithstanding the omission of the letters and the bad writing, the signature bears a general resemblance to the genuine signature of W. E. Capell—a sufficient resemblance to deceive any one not making a critical examination. There is no doubt that it was the genuine signature of W. E. Capell that was intended to be forged, and under the circumstances, and especially with the explanation as to the order being written on horseback, it was well calculated to deceive men of ordinary business capacity, and in fact did so; and besides, there are authorities holding that if the name forged was purely fictitious, the utterance of the paper would make the party guilty of uttering forged paper.

Let the judgment be affirmed.