### A. G. BOSWELL v. THE STATE.

No. 348.    Decided March 30, 1910.

Rehearing denied May 4, 1910.

**1.—Passing Forged Instrument—Charge of Court—Inquiry by Jury.**

Where, upon trial of passing a forged instrument, the court in response to an inquiry from the jury instructed them that the making of or writing of a check using a fictitious name, with intent to defraud, and the knowingly passing the same with intent to defraud constituted two separate offenses, and that they could only find the defendant guilty of one offense as set out in the indictment, there being several counts, there was no error; the court having correctly defined forgery in his general charge.

**2.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of forgery and passing a forged instrument, the evidence was not wholly circumstantial, there was no error in the court's failure to charge thereon.

**3.—Same—Charge of Court—Fictitious Person.**

Where, upon trial of forgery, the indictment charged forgery in one count, passing a forged instrument in another, and also forgery of a note purporting to be the act of a fictitious person, and the jury found the defendant guilty of knowingly passing a forged instrument, there was no error in refusing defendant's requested charge as to the forgery by a fictitious person, as this passed out of the case.

**4.—Same—Charge of Court—Want of Consent.**

Where the issue of want of consent to sign the name to the alleged forged instrument had passed out of the case, there was no error in the court's failure to charge thereon.

**5.—Same—Bills of Exception.**

Upon appeal from a conviction of forgery, unsigned bills of exception could not be considered.

**6.—Same—Argument of Counsel.**

Where, upon trial for forgery, the argument of State's counsel complained of was legitimate and proper, there was no error.

**7.—Same—Misconduct of State's Counsel.**

Where, upon trial of forgery, the State's counsel proposed to make an examination of the different instruments in evidence with a magnifying glass,

Vol. LIX. Crim.—11.

in conjunction with the jury, to which objection was made, whereupon State's counsel remarked that if the defense refused to turn on the light he could not help it, etc., but no charge was requested to withdraw these remarks from the jury, there was no error.

### 8.—Same—Fictitious Person—Check—Forgery.

Where a person passes a check purporting to be signed by a fictitious person and which he falsely represented was executed and given him by some person whom the testimony discloses was a fictitious person, he was guilty of passing a forged instrument. Following Davis v. State, 34 Texas Crim. Rep., 117, and other cases.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cooper & Standford,* for appellant.—On the question of argument of counsel: Tillery v. State, 24 Texas Crim. App., 251.

On the question of the court's definition of offense: Thurmond v. State, 25 Texas Crim. App., 366; Feeny, alias Fitzgerald, v. State, decided January 26, 1910.

*John A. Mobley,* Assistant Attorney-General, and *Henry S. Bishop,* District Attorney, for the State.—On question of State counsel's remarks before the jury: Hatch v. State, 6 Texas Crim. App., 384.

McCORD, JUDGE.—Appellant was convicted of passing a forged instrument, and his punishment assessed at two years confinement in the penitentiary.

The indictment contained three counts. The first count charged the execution of the instrument by appellant purporting to be the act of one Will John, and was a check drawn on the Amarillo National Bank, payable to the order of appellant for $4.75. The second count charged appellant with knowingly passing as true said check with intent to injure and defraud, knowing the same to be a forged instrument. when he so passed it. The third count charged appellant with the execution of said instrument purporting to be the act of one Will John, a fictitious person. Appellant was convicted on the second count in the indictment. The court in his charge submitted the three counts. The facts briefly stated are as follows: One M. C. Carter testified that he was running a boarding-house in the town of Amarillo, and that he also ran a restaurant for a short time in June, 1909; that in June appellant came to him and handed him a check, and asked him to cash it for him. Appellant then endorsed the check, and the witness paid him $4.50, and the other twenty-five cents went for paying for his supper. He identified the check as set out in the bill of indictment as the check passed on him. He says defendant went out and he did not see him any more; that said check was presented to the

Amarillo National Bank, and payment refused. The State offered several witnesses who testified that no such person as Will John had ever been known or seen in the town of Amarillo. One of these witnesses was the sheriff of the county, and the other was the chief of police. The bank cashier testified that he had no such name on his books as Will John, and that no one by that name had a deposit in his bank. Appellant and his brother testified that there was such a man as Will John who lived at Chickasha, Oklahoma, and that he was in Amarillo about the time the check was passed, and that the defendant being a hack driver, the said Will John gave him the check as part payment for hack hire.

1. There are but two objections urged to the charge of the court. One is that the court should have charged on circumstantial evidence, and the other that the charge given by the court in response to an inquiry from the jury was erroneous. After the jury had been out some time they returned into court and propounded a written inquiry to the court in which they asked if the making of a check and using a fictitious name with intent to defraud and knowingly passing the same with intent to defraud, constituted two separate offenses, and is each punished separately? In response to this inquiry, the court instructed the jury as follows:

"You are instructed in answer to the questions submitted in writing through your foreman that the making or writing of a check using a fictitious name, with intent to defraud, and the knowingly passing the same with intent to defraud, constitutes two separate offenses, and if you should find from the evidence, beyond a reasonable doubt, that both such offenses have been committed in this case, by the defendant, still your verdict can only be for conviction for one offense, and you will say by your verdict the particular count of the indictment under which such conviction is had, as directed in the main charge."

It is contended this charge is erroneous because the jury were permitted to find appellant guilty of forgery and passing a forged instrument, whether such name was signed to the check unlawfully or not. The court had in his main charge defined forgery to the jury, in which he told them that appellant would be guilty of forgery if without lawful authority and with intent to injure and defraud he made the false instrument in writing, and in applying the facts to the law they were instructed that if he did unlawfully pass to Carter as true the said alleged forged instrument with intent to injure and defraud, he would be guilty. We think this objection is without merit, and that the instruction of the court was proper under the inquiry made by the jury. The inquiry made by the jury showed evidently that they understood the meaning of forgery, and that both the writing of the check must have been done with intent to defraud, and that the passing of the same was with intent to defraud.

2. We do not think that the facts called for a charge upon circumstantial evidence, the rule being, as we understand it, that the testi-

mony must be wholly circumstantial before the court is required to charge upon circumstantial evidence.

3.   Appellant requested the court to charge the jury, in substance, that before the defendant can be convicted of forging the name of a fictitious person, that the jury must find and believe from the evidence that no such person existed, and was not in Amarillo, Texas, on or about the 24th day of June, 1908, and that the jury could not presume that such person did not exist.   The first count in the indictment charged appellant with making the instrument purporting to be the act of Will John; the second count charged him with knowingly passing the said instrument with intent to defraud, and the third count charged him with making said instrument purporting to be the act of one Will John, a fictitious person.   The jury having found the appellant guilty on the second count, the question of whether Will John was a fictitious person or not, passed out of the case.   Therefore, the jury were not called upon to determine whether or not Will John was a fictitious person, in the first place, and in the second place, the issue was not whether Will John was in Amarillo on the 24th day of June. The verdict made it immaterial as to whether said John existed or not. Hence, this charge was properly refused.   Had appellant requested the court to charge the jury that if they believed or had a reasonable doubt as to whether Will John had executed the check or not, and had delivered it to the defendant, then perhaps it would have been error to have omitted so to instruct.   But the issues, as presented in this special charge, in view of the verdict of the jury, became immaterial.

4.   The second special instruction was to the effect that the jury must believe beyond a reasonable doubt that the defendant executed the instrument alleged to have been forged, without the consent of Will John.   There was no such issue raised in this case by the testimony of the defendant that he was authorized by Will John to sign his name to the check.

5.   Appellant's bills of exception Nos. 6, 7, and 8 can not be considered, as they are not signed by the judge.

6.   We find in the record several objections to the line of argument pursued by the district attorney in the case.   However, we do not think there is any merit in any of the contentions, and that the argument of the district attorney was legitimate and proper.

7.   Bill of exception No. 9 recites that when the district attorney was making the opening argument for the State in this case he stated to the jury in his argument that he had brought a magnifying glass with him in the court, and that he wanted to examine the several different instruments that had been introduced in evidence with such magnifying glass, and discuss with the jury what he discovered under such examination, and pulled from his pocket such magnifying glass and attempted to begin such examination, and further stated to the jury that he desired each and every member of the jury to take said glass and to make a complete examination of the different instruments

that had been proven.  It will be seen upon an examination of this bill that the court sustained the defendant's objection to this course on the part of the district attorney.  Appellant further objected to the remarks of the district attorney, when they made the objection to this line of argument, as follows: "If you people want to shroud this in darkness and refuse to turn on the light, I can't help it; but I only wanted to disclose the whole transaction to the jury and have all the light thereon that could be had."  This seems to have been a remark made by the district attorney, when objection was made, to counsel for appellant and in discussing the matter before the court.  The bill does not disclose that any effort was made on the part of the defendant to have the court instruct the jury not to consider said remarks.  However, we are of opinion that the remarks of the district attorney are not of such prejudicial character as would authorize a reversal.  This court has held, in Davis v. State, 34 Texas Crim. Rep., 117, that where a person passes a check purporting to be signed by a fictitious person, and which he falsely represented was executed and given him by some person whom the testimony discloses was a fictitious person, that he would be guilty of passing a forged instrument.  See also Hocker v. State, 34 Texas Crim. Rep., 359; Brewer v. State, 32 Texas Crim. Rep., 74.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

[Rehearing denied May 4, 1910.—Reporter.]