J. H. ABSTON *et al. v.* THE STATE.

(*Nashville.*   December Term, 1915.)

1. **FORGERY.**   Venue.

The venue of a prosecution for forging a deed is the county
wherein the deed was actually forged.   (*Post, p.* 607.)

2. **FORGERY.**   Deeds.   Fictitious persons.

Under Shannon's Code, section 6596, defining forgery as the
fraudulent making or alteration of any writing to the prejudice
of another's rights, a deed may be the subject of forgery, and
it is immaterial whether the deed purports to grant land to
which the grantor named had no title, as if he were a fictitious
person.   (*Post, pp.* 607, 608.)

Cases cited and approved: Rex v. Parkes, 2 Leach, C. L., 775;
Boswell v. State, 59 Tex. Cr. R., 161; Maloney v. State, 91 Ark.,
485; Rex v. Fitzgerald, 2 East, P. C., 953; Rex v. Birch, 2
East, P. C., 980; Rex v. Rhodes, 1 Leach, 24; Reg. v. Barber,
1 C. & K., 442; Rex v. Butler, Russ. & Ry., 342; Rex v. Sterling,
2 East, P. C., 950; Rex v. Coogan, 2 East, P. C., 1001; Rex v.
Avery, C. & P., 956; People v. Van Alstine, 57 Mich., 69.
Code cited and construed:   Sec. 6596 (S.).

3. **FORGERY.**   "Uttering" of forged instrument.   Recording
   forged deed.

Under Shannon's Code, section 6597, providing that whoever
fraudulently passes or transfers or offers to pass or transfer
any forged paper knowing it to be forged, with intent to de-
fraud another, is guilty of a felony, such section defining but
one crime, the recording of a forged deed is an "uttering."
(*Post, pp.* 608-610.)

Abston v. State.

Cases cited and approved: People v. Dane, 79 Mich., 361; People v. Swetland, 77 Mich., 53; People v. Baker, 100 Cal., 188; United States v. Brooks, 3 MacArthur (D. C.), 315.

Case cited and distinguished: State v. Haynes, 46 Tenn., 550.

Code cited and construed: Sec. 6597 (S.).

4. **FORGERY.** Uttering of forged instrument. Recording forged deed.

It is an uttering of a forged instrument to offer in evidence in a suit at law or to file with the papers in an injunction suit a forged deed. (*Post, pp.* 608-610.)

5. **FORGERY.** Uttering forged instrument. Prejudice of another.

Liability for uttering a forged deed cannot be avoided on the ground that no one was prejudiced thereby, where, after recording the deed, the accused took possession of the land, cut the timber therefrom, and exercised a claim of ownership, that being sufficient to create a cloud on the title and cause the true owner expense in the litigation. (*Post, pp.* 610, 611.)

Cases cited and approved: Clark v. Chase, 37 Tenn., 637; Thurston v. Univ. of N. Carolina, 72 Tenn., 513.

---

FROM PUTNAM

---

Error to Circuit Court of Putnam County.—J. H. GARDENHIRE, Judge.

O. K. HOLLADAY, H. S. BARNES and W. T. SMITH, for plaintiffs in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiffs in error were arraigned and tried in the circuit court of Putnam county, under an indictment containing two counts. The first charged them with forging a deed purporting to have been signed by one Sam Eastland, and the second with passing this instrument, to the prejudice of the prosecutor J. H. Johnson and his brother Lewis Johnson. The deed was set out in full in each count, and, according to its terms, described and conveyed a tract of land in Putnam county. The evidence shows that the timber on this land belonged to the prosecutor and his said brother. It also shows that the alleged Sam Eastland was a fictitious person; that the deed was prepared by an attorney at the instance of the plaintiffs in error, taken to Cumberland county by them, and in that county, at a place called Crab Orchard, a man was introduced to the notary, Brown, as Sam Eastland; that this party so personating that fictitious person was introduced to the notary by plaintiff in error J. H. Abston as Sam Eastland, and that person executed and acknowledged the deed as and for the said fictitious Sam Eastland; and when a certificate was appended to the instrument it was forwarded by J. H. Abston to the register of Putnam county and duly registered. C. L. Abston went to Cumberland county for the purpose of assisting his brother J. H. in the interprise, and was privy to it, but returned home before the paper was actually

executed. After the deed was executed the plaintiffs in error entered upon the land covered by the deed, and began to cut timber from it, whereupon they were enjoined by a bill filed in the chancery court at Cookeville, in Putnam county, at the suit of the two Johnsons. On the trial of that case, which was consolidated with another case filed by the vendor of the Johnsons, the plaintiff in error C. L. Abston went before the court and jury in the case, and through his counsel, one Watson, placed the said deed in evidence. J. H. Abston was not present at the trial, but Watson represented him, and offered the deed for him with and by his authority. The jury were unable to agree as to the liability of the plaintiffs in error under the first count, but found them guilty under the second.

It is unnecessary to speculate as to the ground of the jury's action on the first count, since whatever may have been their reasons, it is clear that the deed having been forged in Cumberland county, the venue was there. However, as a preliminary to finding the plaintiffs in error guilty under the second count, they must have found that the deed was a forged instrument, and that the plaintiffs in error were aware of the fact when they passed it. It is insisted that the evidence does not sustain the verdict on this point, but we are of the opinion that it does.

1. Our statute reads:

"Forgery is the fraudulent making or alteration of any writing to the prejudice of another's rights." Shan. Code, section 6596.

This is the ordinary common-law definition. 4 Blackstone, Com. 247. "A document is a forgery when made in the name of any fictitious person alleged to exist, whether the fictitious person is or is not alleged to be of the same name as the person signing." Sir J. F. Stephen's Dig. Crim. Law, art. 356, citing Shepherd's Case, Leach, C. L., 226, 2 East, P. C., 967, Russ. & R. C. C., 169; *Rex* v. *Parkes,* 2 Leach, C. L., 775, 2 East, P. C., 963, 992. The same rule is in substance laid down in Whar. Cr. Law (11th Ed., Kerr), section 865. And see section 670; *Boswell* v. *State,* 59 Tex. Cr. R., 161, 127 S. W., 820; *Maloney* v. *State,* 91 Ark., 485, 121 S. W., 728, 134 Am. St. Rep., 83, 18 Ann. Cas., 480, and numerous cases cited in the note thereto. "Forgery of wills was early recognized as a crime (*Rex* v. *Fitzgerald,* 2 East, P. C., 953; *Rex* v. *Birch,* 2 East, P. C., 980; *Rex* v. *Rhodes,* 1 Leach, 24; *Reg.* v. *Barber,* 1 C. & K., 442; *Rex* v. *Butler,* Russ. & Ry., 342); and it was held to be immaterial that the supposed testator was living (*Rex* v. *Sterling,* 2 East, P. C., 950; *Rex* v. *Coogan,* 2 East, P. C., 1001), or that there was no such person as the one whose will the instrument purported to be (*Rex* v. *Avery,* C. & P., 596)." 2 McClain, Crim. Law, section 750. A deed may be the subject of such a crime, and in that case it is immaterial that the deed purports to grant land to which the grantor named had no title. *People* v. *Van Alstine,* 57 Mich., 69, 23 N. W. 594.

2. On the subject of "passing" the forged instrument, our statute reads:

"Whoever fraudulently passes or transfers, or offers to pass or transfer, any forged paper, knowing it to be forged, with intent to defraud another, is guilty of a felony." Shan. Code, section 6597.

The passing or offering to pass under the terms of the section does not embrace two crimes.

"We do not think that this statute creates two separate and distinct felonies. It merely declares, in effect, that the felony named shall be complete upon the offer to perform the felonious act. . . . Undoubtedly, a person might be properly indicted and convicted, for either the offer to pass, or for the passing. But the passing is merely the completion of the act of offering to pass, since the party could hardly pass the forged paper without offering to pass it." *State* v. *Haynes,* 6 Cold. (46 Tenn.), 550, 556.

Since the charge of passing forged paper under this statute includes the offering to pass, it is equivalent to the charge of uttering forged paper at common law. "Uttering," says Wharton, "has been held to be proved by staking at a gaming table; paying to a woman as the price of illicit connection; leaving on a shop counter, when this was preceded by the offer of the forged instrument in payment of goods, and the detection of its spuriousness by the shopkeeper; exhibiting to others forged testimonials of character for the purpose of fraudulently obtaining an office of emolument; putting a forged deed on record," etc. 2 Whar.

Cr. Law, section 911. Not only is the recording of a forged deed an uttering thereof, but so is the attempt to raise money on it, or the making of any other beneficial use of such an instrument. *People* v. *Dane,* 79 Mich., 361, 44 N. W., 617; *People* v. *Swetland,* 77 Mich., 53, 43 N. W., 779; *People* v. *Baker,* 100 Cal., 188, 34 Pac., 649, 38 Am. St. Rep., 276; *United States* v. *Brooks,* 3 MacArthur (D. C.), 315. Within the rule without doubt would fall the act of plaintiffs in error in offering in evidence, and filing in the injunction suit referred to, the forged deed in question.

Counsel for plaintiffs in error insist that the Johnsons could not have been injured by such a deed, since, if forged, with the name of a fictitious person no title could be carried, nor any interest whatsoever. But the deed placed of record not only operated as a cloud on the title, but the plaintiffs in error publicly claimed the land thereunder, and actually began cutting timber on this claim, whereby the Johnsons were forced to the expense of a lawsuit to obtain an injunction. Moreover, under our laws on the subject of adverse holding of land, if the plaintiffs in error could have obtained possession, this deed would have defined their boundaries so as to cover the whole tract, and, purporting as it does to convey an estate in fee, would have enabled them, after the expiration of seven years of continuous possession thereunder, to toll the true title, and thus obtain the real ownership of the land, although the deed was only a forged instrument. *Clark* v. *Chase,* 5

Abston v. State.

Sneed. (37 Tenn.), 637, 638; *Thurston* v. *University of North Carolina,* 4 Lea (72 Tenn.), 513, and cases cited on page 520.

There is no error in the judgment of the trial court, and it must therefore be affirmed.