PATTI KEEBLER, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

463 S.W.2d 151.

Court of Criminal Appeals of Tennessee. Oct. 13, 1970.

Certiorari Denied by Supreme Court Jan. 18, 1971.

Robert D. Arnold, Johnson City, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Lewis W. May, Dist. Atty. Gen., Mountain City, for defendant in error.

## OPINION

RUSSELL, Judge.

The plaintiff in error, Patti Keebler, indigent and presently confined to the penitentiary upon an unrelated charge, appeals in error from her conviction for uttering a forged check and resultant penitentiary sentence of not less than one year nor more than one year and one day. Appointed counsel has competently raised several questions going to the validity of this conviction.

Only two witnesses testified, both of them having been

called by the State. Mr. W. C. Decker, operator of a general store in the Jonesboro area of Washington County, testified that on February 20, 1968, Patti Keebler pulled up to the gas pumps at his store, purchased two dollars ($2.00) worth of gasoline, and presented him with a check dated that day for $72.50 made payable to her, marked "for secretarial services," drawn upon the First Peoples Bank of Johnson City and signed by L. G. Smith and Sons. He cashed the check after she endorsed it, paying over to her $70.50. In due course the check was returned by the bank to him, marked "No account." Mr. Decker never saw Patti Keebler again, and never got his money back. Mr. Decker made some inquiry in the Greeneville area, but never could find L. G. Smith and Sons to exist.

Sheriff Uel Hartman identified the defendant as Patti Keebler, and testified that he had made an investigation to determine whether there was an L. G. Smith and Sons in Washington County and had not been able to find them. On cross-examination he stated that he looked through the city directory; and the telephone directory for Jonesboro, Johnson City and Limestone. No L. G. Smith and Sons were residents of Washington County that he knew of.

This was all of the evidence presented. The defendant contends that the State has failed to make out the case of uttering a forged check, as proscribed by T.C.A. § 39-1704, first insisting that there is no evidence that the check passed was in fact a forgery.

The State introduced evidence that L. G. Smith and Sons was a non-existent company, as heretofore stated.

Our forgery statute, which merely restates the common law, is T.C.A. § 39-1701, which reads:

"Forgery is the fraudulent making or alteration of any writing to the prejudice of another's rights."

It is generally accepted that forgery may be committed through the use of a fictitious or assumed name. 49 A.L.R.2d 852, 854. Hence, proof that L. G. Smith and Sons was non-existent was proof that the check was a forgery by the use of a fictitious name. And, as to the question of proof, we quote further from 49 A.L.R.2d 852, an Annotation dealing with forgery by the use of a fictitious or assumed name beginning at page 855, as follows:

"Evidence that a person whose name purports to be signed to an instrument is not known in the community, that a search made in an attempt to locate such person has been unsuccessful, that such person, if the instrument is a check, has no account or arrangement for credit in the drawee bank, or that the name of such person does not appear in the city or county directory or on the tax rolls, is properly admissible as tending to establish that such person is in fact fictitious. However, a subpoena issued for such person and showing that after a diligent search he has not been found is not admissible to prove the fictitious character of such person.

"As to the sufficiency of the evidence to establish that a check is fictitious or that the purported maker does not exist, numerous cases hold that the testimony of a proper officer of the drawee bank that such person

has no account in the bank is prima facie evidence that such person is non-existent."

\*    \*    \*    \*    \*    \*

"And various combinations of evidence to the effect that the supposed signer of an allegedly forged instrument was not known or could not be found in the vicinity, was not listed in a city directory or other directories, or, in the case of a check, had no account in the bank on which the check was drawn, have been held sufficient to sustain a conviction of forgery in numerous cases."

■ We hold, therefore, that the evidence in this case does establish that the instrument passed was a forgery. There was *no such account* as L. G. Smith and Sons at the First Peoples Bank in Johnson City, Washington County; the check was drawn on the same day in Washington County and passed on that same day; and the county sheriff made a diligent and unsuccessful effort to find such a firm to exist in Washington County (and the prosecutor checked in Greene County); all of which, when totally unrebutted, sufficiently establishes the firm to be a fictitious one and the check to be a forgery.

■ The conviction was not for forgery, but for uttering the forged check, as proscribed by T.C.A. § 39-1704, which reads:

"Any person who fraudulently passes or transfers, or offers to pass or transfer, any forged paper, knowing it to be forged, with intent to defraud another, is guilty of a felony."

This statute describes an offense equivalent to the com-

mon law offense of uttering forged paper. Girdley v. State, 161 Tenn. 177, 29 S.W.2d 255. The elements of this crime are (1) actual knowledge that the instrument is false; (2) representation, either direct or implied, that the instrument is genuine; and (3) the intent to defraud. Wofford v. State, 210 Tenn. 267, 358 S.W.2d 302. It was said in that case, also, that:

"In other words the question of whether or not the plaintiff in error had actual knowledge of the falsity of the instrument is a fact question which may be determined by the jury from circumstantial evidence under all the facts in the case."

▮ And, as to the second necessary ingredient, i. e., a representation that the instrument is genuine, the Supreme Court of this State said, in Wofford:

"The mere offering of a check by Wofford for payment constitutes representation that it was genuine." Certainly, there is no question but that the plaintiff in error offered the check for payment, thereby representing it to be genuine. It was made to her, dated the same day, and marked "for secretarial services." Manifestly, she represented that it was genuine.

The third ingredient, the intent to defraud, was demonstrated by her possession of the forged check, and her claim of an interest therein. This, where unexplained, satisfies the requirement of showing an intent to defraud Wofford v. State, supra; McGhee v. State, 183 Tenn. 20, 189 S.W.2d 826, 164 A.L.R. 617. The just-cited annotation contains an excellent summary, which says, in part, beginning on page 680.

"The fact that one is found in possession of a forged instrument as to which he asserts a claim of right, by holding it forth as genuine or by uttering or attempting to utter it or enforce it as genuine, is clearly an evidentiary circumstance relevant upon a number of basic issues which may arise in a criminal prosecution against such person for the offense of forging that instrument or the related offense of knowingly uttering it. This circumstance—possession of a forged instrument with claim of right thereunder—is relevant upon the issue of the defendant's authorship of or participation in the forging of such instrument; and also upon the several issues of the place of the forging, for purposes of fixing and proving the venue; defendant's knowledge of the forgery; and defendant's intent in drawing or uttering the forged instrument.

"Like other evidentiary circumstances, the one of defendant's possession of the forged instrument is to be taken into consideration together with all other relevant circumstances in resolving the particular issue before the court or jury.

"It is always open to the defendant to explain and account for his possession and dealing with the forged instrument, and where, by his own testimony or by other evidence introduced on his behalf, he offers an explanation thereof, which tends to account for his acquisition of and dealing with the forged instrument upon a basis of innocence on his part, the adequacy of such explanation is ordinarily for the jury to determine from a consideration of all of the evidence in the case. "Particularly, however, where the defendant offers no explanation of his possession and dealing with the

forged instrument, or his explanation thereof is inadequate, and the accompanying circumstances shown are not inconsistent with the inference drawn, his unexplained possession of the forged instrument, and his uttering or other dealing with it as genuine, may raise the natural inference that he forged it, or procured it to be forged, or that he knew that it was a forgery, or that his intent in uttering such instrument as genuine was a criminal one. Similarly, his possession thereof in a particular county may raise the inference that it was in that same county that the forging was done."

We are satisfied that the evidence supports the finding that the name signed to the check was fictitious. Such a signing is forgery. Peete v. State, 70 Tenn. 513; Chism v. First National Bank, 96 Tenn. 640, 36 S.W. 387; Abston v. State, 134 Tenn. 604, 185 S.W. 706. We are further satisfied that the evidence supports the verdict, and there is no contrary evidence.

It is assigned as error that there was a fatal variance between the indictment and the proof. The forgery count alleged "* * * and forged said check to the prejudice of the rights of L. G. Smith and Sons, with intent to defraud the said L. G. Smith and Sons * * *," while the proof was that L. G. Smith and Sons did not exist. But the conviction was not upon this count, but upon the second count, wherein W. C. Decker is correctly set out as the one defrauded. There is no variance between the count convicted upon and the proof, so this assignment is without merit.

Error is assigned upon the failure to give a certain requested charge. This charge request is not in the

bill of exceptions; and, as set out in the assignment of errors, is an erroneous statement of the law.

The judgment of the trial court is affirmed.

MITCHELL and GALBREATH, JJ., concur.