James **DODSON**, alias, and James Burnette, alias, Plaintiffs in Error,

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Jan. 15, 1973.

Certiorari Denied as to James Dodson by Supreme Court June 4, 1973.

W. Henry Ogle, Sevierville, for plaintiffs in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Henry F. Swann, Dist. Atty. Gen., Dandridge, J. Howard Collett, Asst. Dist. Atty. Gen., Maynardville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

In a two-count indictment the Sevier County grand jury charged the defendants, James Dodson and James Burnette, with forgery and with passing a forged instrument, a counterfeit cashier's check. At the close of the state's proof on their trial, the district attorney general moved to dismiss the forgery count. This was granted. The jury found both guilty under the remaining count for passing a forged instrument and fixed the punishment of each at five years in the penitentiary. In overruling the motion for a new trial, the trial judge entered judgment sentencing each defendant to imprisonment from three to five years for passing and transferring a forged paper. From this judgment and sentence the defendants appeal to this court.

■ By their assignments of error, the defendants say that the verdict is void in that the minutes show that the jury found them guilty of forgery rather than passing a forged instrument. The minute entry incorrectly shows that the jury found the defendants guilty of forgery but the bill of exceptions reflects that its verdict was for passing a forged instrument, the remaining count of the indictment. When the bill of exceptions and the minutes conflict, the bill of exceptions controls. Helton v. State, 195 Tenn. 36, 255 S.W.2d 694;

Church v. State, 206 Tenn. 336, 333 S.W.2d 799. The trial judge properly sentenced the defendants for the count under which they were convicted. This assignment is overruled.

■ The state's proof shows that on August 17, 1971, the defendant Dodson went to Morton's Antique and Estate Jewelry business in Gatlinburg and made arrangements to buy a diamond bracelet for $5800. He returned about 11:00 P.M. on August 19, 1971, and paid for the bracelet with a counterfeit Hamilton National Bank cashier's check in the amount of $6061 for the bracelet and taxes. He used the name of R. G. Tomlinson in the transaction. Donald Ward and his wife, Betty Joan Ward, owners of the business, positively identify Dodson as the person who passed the counterfeit cashier's check which bore the name of Tomlinson as transmitter.

Burnette was not present with Dodson on either of these occasions when arrangements were made and the check passed. Mrs. Ward testified he was in the store three or four days before the sale was closed and talked with her at length. This conversation did not concern the bracelet or check. Burnette and Dodson are friends and Burnette's fingerprints as well as Dodson's appear on the counterfeit check. On August 4, 1971, the same bank issued a genuine cashier's check for $4.85 and Burnette endorsed that check. He testified that he cashed it for a friend and then endorsed it. The counterfeit check bears some of the serial numbers found on the genuine check.

Both defendants testified and denied ever being in the jewelry store. Dodson undertook to establish an alibi. The jury did not believe his alibi testimony and the evidence fully sustains its verdict as to Dodson.

■ The elements of this crime are (1) actual knowledge that the instrument is false; (2) representation that the instrument is genuine; and (3) the intent to de-

fraud. Keebler v. State, Tenn.Cr.App., 463 S.W.2d 151; Wofford v. State, 210 Tenn. 267, 358 S.W.2d 302.

■ Although Burnette's fingerprints may have been circumstantial evidence of his participation in the actual forgery, that count had been dismissed by the trial judge. He was not present when the check was passed and made no representation that it was genuine. This evidence does not support Burnette's conviction of passing the counterfeit check and his conviction must be reversed.

The defendants say they were denied a speedy trial. They aere indicted October 18, 1971, and tried March 28, 1972.

On December 14, 1971, they filed a plea to abate this proceeding because they had been extradicted to Alabama. They contend that Tennessee thereby lost jurisdiction over them. The following day the state filed its motion to strike the plea. The plea was not called to the attention of the trial judge but the case went to trial on a plea of not guilty. It was not mentioned until the proof was almost concluded.

■ The mere fact of extradition to another state does not cause this state to lose jurisdiction over an accused. T.C.A. 40–1035 provides that extradition does not constitute a waiver of this state to try a person for crime committed within this state.

■ The delay of five months between indictment and trial was not prejudicial to the defendants. They were not denied a speedy trial. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This assignment is overruled.

■ The defendants say they were prejudiced by the failure of the state to furnish on demand any admissions against interest as provided by T.C.A. 40–2441. This assignment refers to a statement given to FBI agent Garretson which was not delivered to their counsel until the morning of the trial. The trial court found their objection well taken and held the statement inadmissible. This assignment is without merit.

■ Burnette contends his constitutional rights were violated in that he was required to testify immediately after his co-defendant. He relied on Brooks v. Tennessee, 406 U.S. 605, 92 S.Ct. 1891, 32 L. Ed.2d 358 (June 7, 1972). We have held *Brooks* not retroactive. The case before us was decided before *Brooks*. This assignment is overruled.

It results that the judgment as to Dodson is affirmed and that as to Burnette is reversed and remanded for a new trial.

DWYER and O'BRIEN, JJ., concur.