STATE of Tennessee, Petitioner,

v.

Andrew G. RICE, Respondent.

Supreme Court of Tennessee.

Feb. 5, 1973.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, for petitioner.

Harold Wimberly, Jr., Warren A. Webster, Knoxville, for respondent.

## OPINION

CHATTIN, Justice.

Rice was convicted of passing a worthless check over the value of $100.00 in violation of T.C.A. Section 39–1959 and was sentenced to not less nor more than three years imprisonment. The Court of Criminal Appeals by a two-to-one decision reversed and remanded the case for a new trial. We granted certiorari.

Rice purchased certain articles of furniture from Vaughan Furniture Company late Saturday afternoon, January 3, 1970.

The Furniture Company contacted a credit bureau prior to delivery of the furniture to Rice's apartment. Due to the report received from the bureau, the seller demanded payment when the furniture was delivered to Rice on January 3, 1970. Rice paid for the furniture by check dated January 3, 1970, for $925.00.

On January 7, 1970, the check was returned to the payee, Vaughan Furniture Company, marked "Insufficient Funds."

The payee gave legal notice of the return of the check to Rice by letter dated January 13, 1970, as required by T.C.A. Section 39–1961.

Sixteen days later, January 29, 1970, Rice paid $200.00 to the Furniture Company and agreed in writing under the terms of which he promised to make full restitution by March 28, 1970. However, Rice failed to make restitution until August 30, 1971, two days prior to the trial of this case.

Rice testified he thought at the time he wrote the check he had sufficient funds to cover the check because he had deposited a check for $1,000.00, dated December 26, 1969, to his account at the Hamilton National Bank drawn to his order by Mrs. Sally Lamar Dayton.

He testified on cross examination the check was dishonored on December 31, 1969; that Mr. Burchfield at the Bank called him and told him the check had been dishonored and for him to come by and get it; that he went to the Bank and got the check some time between December 31, 1969, and January 7, 1970, and redeposited it; and that he "went and talked to Mrs. Dayton until I was blue in the face and finally I got part of the money on it _____."

The check of Mrs. Dayton was filed as an exhibit to Rice's testimony and shows it was dishonored for the second time on January 7, 1970.

Rice further stated on cross examination he was only able to pay $200.00 on the indebtedness prior to August 31, 1971, because of family financial problems and that he had been making payments on two other dishonored checks written by his mother in the name of the family business.

■ The State assigns as error the holding of the majority opinion of the Court of Criminal Appeals there was no evidence to support the verdict and judgment of the trial court by finding the presumption of fraudulent intent created by T.

C.A. Section 39–1960 disappears when a defendant introduces evidence to rebut the presumption whether or not that evidence is credible.

T.C.A. Section 39–1960 provides:

"As against the maker, or drawer thereof, the making, drawing, uttering, or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence and create a presumption of intent to defraud and knowledge of insufficient funds in, or on deposit with, such bank, corporation, firm or person, provided such maker or drawer shall not have paid the holder thereof the amount due thereon within five (5) days after receiving notice that such check, draft or order has not been paid by the drawee."

The majority opinion held as follows:

"Nowhere does the State rebut the defendant's explanation that at the time he gave the check there was on deposit in his account sufficient deposits to pay it."

In other words, the majority holds the presumption vanishes in face of any proof in rebuttal of such a presumption.

"It cannot be doubted that under certain circumstances a legal presumption of guilt 'vanishes' or 'disappears,' so to speak, results from credible proof in rebuttal of such a presumption. On the contrary it may prevail when the defendant fails to testify in rebuttal, or when his testimony is unbelievable. In no case is a jury privileged to arbitrarily disregard the testimony of any witness." Marie v. State, 204 Tenn. 197, 319 S.W. 2d 86 (1958).

In I Wharton's Criminal Evidence, page 170, Section 88, it is said:

"If, however, the evidence contrary to the fact which would be inferred or deduced by the application of the inference or the rebuttable presumption is not credible, the trier of fact should disregard the evidence and follow the inference or presumption."

Cases dealing with the presumption of guilt which arises upon the unexplained possession of recently stolen property are analogous to the issue presented in this case.

"And unless this exclusive possession of stolen property after larceny or robbery is accounted for in a straight forward, truthful way, and unless the jury finds the explanation reasonable and satisfactory, the jury would be warranted in returning a verdict of guilty of receiving and concealing stolen property." Tackett v. State, 223 Tenn. 176, 443 S. W.2d 450 (1969); Smith v. State, 2 Tenn.Cr.App. 117, 451 S.W.2d 716 (1969).

■ In the unreported case of State v. Burchfield, opinion dated August 21, 1972, at Knoxville, this Court said:

"First, while it is true that the presumption of guilt arises only from the 'unexplained' possession of recently stolen goods, it cannot be said that any reasonable explanation given by a defendant destroys the presumption. Very clearly the explanation given must be found reasonable and satisfactory by the jury. (Citing authorities.) It is the province of the jury, as triers of fact, to determine whether an explanation is to be believed, and the jury is warranted, if a defendant's explanation appears to them to be unsatisfactory, in returning a verdict of guilt. Tackett vs. State, supra; Smith vs. State, supra."

■ Whether Rice's explanation was sufficient to remove the presumption of guilt was a question for the jury. Wofford v. State, 210 Tenn. 267, 358 S.W.2d 302 (1962).

The check of Mrs. Dayton was dishonored prior to the transaction between the Furniture Company and Rice. Certainly this was notice to Rice the check was worthless.

We are of the opinion the jury could have found Rice knew when he redeposited the check to cover his check it was worthless. In fact, he so testified when he stated he went to Mrs. Dayton after the check had first been dishonored and tried to persuade her to pay him and she paid him some on it.

In other words, we think the jury could have found Rice's testimony to the effect he thought Mrs. Dayton's check would cover his check is inconsistent with his foregoing testimony.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is affirmed.

DYER, C. J., HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.