**Annie Norene STRICKLAND, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Sept. 15, 1978.

Certiorari Denied by Supreme Court
Dec. 29, 1978.

Charles E. Baucum, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Richard S. Maxwell, Asst. Atty. Gen., Nashville, Thomas D. Henderson and A. J. Archibald, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DWYER, Presiding Judge.

This appeal in the nature of a writ of error flows from the conviction of the appellant by a jury for committing the offense of uttering forged papers under the value of $100, T.C.A. 39–1704, with resulting confinement in the Shelby County Jail for eleven months and twenty-nine days.

There are two assignments of error. In the first assignment the appellant contends the court erred in denying her motion for a mistrial after a Memphis police officer testifying for the State made the following statement, "a group of five Bureau of Identification Police Department" photographs. It is his urging that this statement conveyed to the jury that she had a prior police record and served only to prejudice the jury. The second assignment of error which attacks the sufficiency of the evidence prompts our summarization of that evidence as found from our review of this record.

The records of the South Memphis Medical Association, a clinic located in the City

of Memphis, reflects that a Mrs. Elizabeth Nunley and her two and one-half year old daughter were treated in that clinic on October 22, 1976. The fee prescribed by the treating physician was $16 as to each. This fee was paid on that date by a check made out to the Association as payment in the amount of $32. The signature of the maker of the check was Elizabeth T. Nunley. On or around November 18, 1976, Mrs. Elizabeth Nunley was going through her bank statement when she noticed several checks were not made out by her and had her forged signature thereon. She also noticed that some of the checks were presented in places where she had never been. A prompt call by Mrs. Nunley to her bank brought about a conference with an official of that bank resulting in an affidavit by Mrs. Nunley that the check to the South Memphis Medical Association with her signature was a forgery. Mrs. Nunley at that time told the bank official that she kept her checkbook near her telephone, and therefore, that she suspected a female known to her as Marsha Appleby who had been in her apartment on several occasions to use the telephone. A complaint was made by the bank official to the Memphis Police Department and a Sergeant Maxie hearing the name Appleby checked files kept in that department and uncovered a photograph of the appellant. The sergeant then took this photograph with others to the South Memphis Medical Association Clinic, and the treating physician, a Dr. Roy Dement, identified the picture of appellant as the lady he treated on October 22, 1976, at the clinic, and who identified herself as Mrs. Elizabeth T. Nunley. The receptionist at the clinic identified the appellant at the trial as the person who was with her daughter and was treated at the clinic on October 22, 1976, and had identified herself as Elizabeth Nunley.

At the trial Mrs. Nunley identified the appellant as the female who used her telephone, had been in her apartment, and had been her baby-sitter as the person she knew as Mrs. Appleby.

The appellant did not testify and offered no proof.

■ The offense of uttering forged papers, T.C.A. 39–1704, consists of: (1) actual knowledge that the instrument is false; (2) representations, either direct or implied, that the instrument is genuine; and (3) intent to defraud. *Wofford v. State*, 210 Tenn. 267, 358 S.W.2d 302 (Tenn.1962); *Keebler v. State*, 3 Tenn.Cr.App. 447, 463 S.W.2d 151 (1970). It is the appellant's contention that there is no evidence that she passed the check to anyone in the clinic. Hence, there is no proof to sustain the verdict in that the evidence does not reflect an uttering of the forged instrument by the appellant. She then contends that the verdict is based upon speculation and not upon the evidence. *Clancy v. State*, 521 S.W.2d 780 (Tenn.1975).

■ We think the evidence is sufficient to sustain the verdict: (1) Mrs. Nunley listed the appellant as a suspect to having taken her checks and knew her by the name of Appleby; (2) Mrs. Nunley identified the appellant as the person she knew to be Mrs. Appleby; (3) the appellant was positively identified by the receptionist at the South Memphis Medical Association as the patient who presented herself at the clinic on October 22, 1977, as Mrs. Nunley; (4) the examining physician, Dr. Dement, identified a photograph as shown to him by Sergeant Maxie as the woman he had examined as Mrs. Nunley; (5) the custodian of the records for the South Memphis Medical Association testified that the Elizabeth Nunley who visited their office on October 22, 1976, had paid for the treatment for herself and her child by a check signed in the same name; and (6) this check was identified by the real Mrs. Nunley as a forgery. We think those facts were ample evidence for the jury to infer that the appellant identifying herself as Mrs. Nunley on October 22, presented the check for the payment of her bill at the South Memphis Medical Association Clinic. This uncontradicted evidence, we think, overwhelmingly supports the verdict of guilt. It must be remembered under settled rules of law that on appeal the appellant has the burden to show that the

evidence preponderates against her guilt and in favor of her innocence. *State v. Sneed*, 537 S.W.2d 699, 701 (Tenn.1976); *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963). This she has not done. The assignment pertaining to the evidence is accordingly overruled.

The mistrial assignment: The basis for this assignment of error occurred when the investigating officer, Sergeant Maxie, testifying on direct examination, responded to the Attorney General's questioning as revealed by the transcript of the trial:

"Question. Okay, and who did you talk to out there?

"Answer. I talked with the doctor, Dr. Dement, I believe his first name is Roy.

"Question. And what did you do out there in talking with the Dr. Dement and without relating what he told you at that time?

"Answer. I took a group of five Bureau of Identification Police Department—

"Mr. Hough. Your Honor, that's what we asked for in applying for our motion for—

"The Court. I'm going to instruct the jury to disregard the last testimony, the last part of the testimony you just heard. You're not to consider anything about that at all. Disregard that last bit of testimony."

It is appellant's contention that the officer's statement, "I took a group of five Bureau of Identification Police Department" clearly conveyed to the jury that the appellant had a prior police record. We disagree. With the prompt and diligent interruption and objection by defense counsel the magical word "photographs" was prevented from being placed before the jury. We think, therefore, that it is extremely doubtful the jury knew what the officer meant by the phrase, "Bureau of Identification". At any rate, the phrase, as testified to before the jury and before the objection, was cured by prompt and curative instructions as given by the trial court. *Colquit v. State*, 107 Tenn. 381, 64 S.W. 713 (1901); *Crafton v. State*, 545 S.W.2d 437 (Tenn.Cr.App.1976); *State v. Flanagan*, 223 Tenn. 134, 443 S.W.2d 25 (1969). We find no error under these circumstances with the trial court's denial of appellant's motion for a mistrial. This assignment is without merit and accordingly overruled.

The judgment of the trial court is affirmed.

O'BRIEN, J., and JOE C. LOSER, Special Judge, concur.