STATE of Tennessee, Appellee,

v.

William Calvin HAYES, Appellant.

Court of Criminal Appeals of Tennessee.

Dec. 30, 1981.

Permission to Appeal Denied by Supreme Court Feb. 22, 1982.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Nashville, Elmer Davies, Franklin, for appellee.

David H. King, Franklin, for appellant.

## OPINION

O'BRIEN, Judge.

An indictment was returned against defendant in the Criminal Court for Williamson County charging him with five counts of forgery and five counts of passing a forged instrument. Two of the counts were dismissed by the State prior to trial. The jury found defendant guilty of four counts of forgery and three counts of passing a forged instrument. He was sentenced to serve not less than six (6) years nor more than ten (10) years on each count. The trial judge fixed six sentences to be served concurrently, but in consecutive order to Count No. 1, and all sentences to be served consecutively to a sentence defendant was serving at the time of the judgment.

The first issue raised refers to supplemental instructions delivered by the court to the jury. Defendant takes the position that the trial judge fully and properly instructed the jury in his original charge on the elements of forgery. After they had retired the jury returned to open court with a question relative to the definition of forgery. In a supplemental charge the trial judge instructed them in substance that if the defendant forged or *procured*

the forgery of the checks he could be found guilty. Defendant insists that the additional instruction relative to procurement of the writing was prejudicial and was contrary to the law.

Our investigation of the record indicates that when the jury first returned for supplementary instructions the trial judge informed them the definition given to them in the original instructions came from the pattern jury instructions and was a broad and general definition. He then tendered the additional instructions to which objection is made. An examination of the Pattern Jury Instructions for Criminal Cases No. 16.01, relating to forgery of instruments, shows it was substantially followed by the trial judge in delivering his original instructions. These instructions do not contain any language including the words *procure* or *procurement.* However the matter does not end there. In all of the case law in this State, as well as what appears to be the majority of the cases in other jurisdictions, the most satisfactory exposition of the law on the subject which we have found, as well as the most detailed, is contained in the opinion of this Court by Judge Russell citing from 164 A.L.R. 617, in *Keebler v. State,* 463 S.W.2d 151, 3 Tenn.Cr.App. 447 (1970), as follows:

"The fact that one is found in possession of a forged instrument as to which he asserts a claim of right, by holding it forth as genuine or by uttering or attempting to utter it or enforce it as genuine, is clearly an evidentiary circumstance relevant upon a number of basic issues which may arise in a criminal prosecution against such person for the offense of knowingly uttering it. This circumstance—possession of a forged instrument with claim of right thereunder—is relevant upon the issue of the defendant's authorship of or participation in the forging of such instrument; and also upon the several issues of the place of the forging, for purposes of fixing and proving the venue; defendant's knowledge of the forgery; and defendant's intent in drawing or uttering the forged instrument.

Like other evidentiary circumstances, the one of defendant's possession of the forged instrument is to be taken into consideration together with all other relevant circumstances in resolving the particular issue before the court or jury. It is always open to the defendant to explain and account for his possession and, dealing with the forged instrument, and where, by his own testimony or by other evidence introduced on his behalf, he offers an explanation thereof, which tends to account for his acquisition of and dealing with the forged instrument upon a basis of innocence on his part, the adequacy of such explanation is ordinarily for the jury to determine from a consideration of all of the evidence in the case. Particularly, however, where the defendant offers no explanation of his possession and dealing with the forged instrument, or his explanation thereof is inadequate, and the accompanying circumstances shown are not inconsistent with the inference drawn, his unexplained possession of the forged instrument, and his uttering or other dealing with it as genuine, may raise the natural inference that he forged it, or *procured* it to be forged, or that he knew that it was a forgery, or that his intent in uttering such instrument as genuine was a criminal one. Similarly, his possession thereof in a particular county may raise the inference that it was in that same county that the forging was done." (Italics Added).

There is no doubt that the supplementary instructions were prejudicial to the defendant, as is the fact that he was arrested in the first instance and then put to trial for the offenses with which he is charged. Nonetheless defendant has had a legal and proper trial and there was no error in the instruction.

■ It is plain that the just cited annotation settles the second issue raised by defendant that he was entitled to a judgment of acquittal as to the four counts of forgery because the jury was not entitled to infer on circumstantial evidence that defendant either forged the checks offered as exhibits or knew them to be forged.

■ Defendant also says the jury improperly took concurrent and consecutive sentencing into consideration in arriving at their verdict. When the jury returned their verdict on each of the counts in the indictment they recommended that the sentences be served concurrently. The trial judge clarified their intent in reaching a verdict and sentence and concluded the discussion between the court and the jurors with the statement, "All right, six (6) to ten (10) on each count with the jury understanding that the judge decides whether they are consecutive or concurrent." An affidavit of a juror was produced to the effect that the jurors were apprised of the fact that the defendant was serving time in the penitentiary at the time of his trial. The affidavit also mentioned some comments which were made in the course of the jury deliberation relative to the payment of appointed counsel with public funds and the length of time it would be before defendant would be released. The affiant was also of the opinion that the final verdict on the various counts was reached as the result of a compromise and she was of the opinion that at least some of the jurors were convinced defendant would be allowed to serve all of the sentences concurrently. The trial judge held a hearing on the motion for new trial in the course of which all of the jurors testified. It is clear from the transcript of the new trial hearing that the jury did not improperly take concurrent or consecutive sentencing into consideration in arriving at their verdict nor was their verdict prejudiced by any extraneous information which came to their attention from any source, including comments of fellow jurors.

We are satisfied from the record that defendant has had a fair and impartial trial. His trial counsel has earnestly and zealously pursued every avenue of defense in his behalf and is to be commended for his efforts.

We affirm the judgment of the trial court.

DWYER and BYERS, JJ., concur.